NEVADA HIGHWAY PATROL ASSOCIATION, JERRY SEEVERS, ROBERT WOODRUFF, ROY HUTCHINGS, JOHN ROSA, RUSS BENZLER AND TIM HALL, APPELLANTS, *v.* THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, NEVADA HIGHWAY PATROL DIVISION, RESPONDENTS.

No. 21369

July 26, 1991                                    815 P.2d 608

*Aitchison, Snyder & Hoag,* Portland, Oregon; *Walter R. Tarantino,* Carson City, for Appellants.

*Frankie Sue Del Papa,* Attorney General, Carson City, *Grenville Thomas Pridham,* Deputy Attorney General, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants brought an action in the state district court asserting respondent's compensation policy—which provides highway patrol officers compensatory time off in lieu of overtime pay—violates the Fair Labor Standards Act. *See* 29 U.S.C. §§ 201, 216(b). The matter was removed to the United States District Court for the District of Nevada where summary judgment was granted in respondents' favor.

The United States Court of Appeals for the Ninth Circuit issued a decision on March 28, 1990, reversing the grant of summary judgment and remanding the case back to the district court with instructions. Thereafter, appellants filed a petition for rehearing, and on August 13, 1990, the United States Court of Appeals for the Ninth Circuit certified two questions for the Nevada Supreme Court's consideration. *See* NRAP 5. First, the United States Court of Appeals would like to know whether an Assembly Concurrent Resolution has the force and effect of Nevada law. Second, the court would like to know whether Nevada law prohibits collective bargaining representation on behalf of state employees unless the representative is recognized by the State.

## I. DOES AN ASSEMBLY CONCURRENT RESOLUTION HAVE THE FORCE AND EFFECT OF NEVADA LAW?

On March 3, 1969, the Nevada Legislature passed Assembly Concurrent Resolution No. 29, which states in relevant part:

> ASSEMBLY CONCURRENT RESOLUTION—Providing for state recognition of the Nevada State Employees' Association.
>
> WHEREAS, A substantial number of state employees are members of the Nevada State Employees' Association; and
>
> WHEREAS, The Nevada State Employees' Association should be recognized as representative of its members for purposes of preserving and advancing their interests as state employees; now, therefore, be it
>
> *Resolved by the Assembly of the State of Nevada, the Senate concurring,* That the legislature of the State of Nevada expresses its sense that the personnel division of the department of administration should recognize the Nevada

State Employees' Association as representative of its members for discussion of conditions of employment, hours and wages, while at the same time preserving the right of state employees who are not members of such association to speak for themselves.

A. Con. Res. 29, 55th Leg. Sess., 1969 Statutes of Nevada 1731. The federal appeals court considered this concurrent resolution in the underlying lawsuit between the litigants. We now hold that this resolution, like other similar concurrent resolutions, does not have the force and effect of Nevada law.

First, by its nature, an assembly concurrent resolution is not intended to have the force and effect of law. Pursuant to Rule 7 of the Joint Rules of the Nevada Senate and Assembly, the purpose of a concurrent resolution is to direct the Legislative Commission to conduct interim studies, to request the return of a bill from the other house, and to request an enrolled bill from the Governor. On occasion, a concurrent resolution is also used to memorialize a former member of the Legislature or other distinguished person upon death, or to congratulate or commend any person or organization for a significant and meritorious accomplishment.

Second, "[e]very bill which may have passed the legislature shall, before it becomes a law, be presented to the governor . . . ." Nev. Const. art. IV, § 35. A review of the legislative history of the aforementioned Assembly Concurrent Resolution, No. 29, indicates that this resolution, like other concurrent resolutions passed by the legislature during the same time period, was never presented to the Governor for approval or disapproval. *See generally* FINAL VOLUME ASSEMBLY HISTORY, 1969 at 218-288. Accordingly, this assembly concurrent resolution cannot be construed as the law of this State.

Finally, "[t]he enacting clause of every law shall be as follows: 'The People of the State of Nevada, represented in Senate and Assembly, *do enact as follows,*' and *no law shall be enacted except by bill.*" Nev. Const. art. IV, § 23. (Emphasis added.) We have previously ruled that this enacting clause is mandatory and must be included in every law created by the Legislature. *See* State v. Rogers, 10 Nev. 250 (1875). Since Concurrent Resolution, No. 29 and other similar resolutions do not contain the requisite enactment language, they cannot represent the law of this State.

## II. DOES NEVADA LAW PROHIBIT COLLECTIVE BARGAINING REPRESENTATION ON BEHALF OF STATE EMPLOYEES UNLESS THE REPRESENTATIVE IS RECOGNIZED BY THE STATE?

Next, the United States Court of Appeals for the Ninth Circuit

would like this court to determine whether Nevada law prohibits collective bargaining representation on behalf of state employees unless the representative is recognized by the State. "The rule is well-settled among a majority of jurisdictions throughout the United States that *absent express statutory authority, public officials or state agencies do not have the authority to enter into collective bargaining agreements with public employees.*" Local 2238 AFSCME v. Stratton, 769 P.2d 76, 80 (N.M. 1989) (emphasis in original). However, a minority of jurisdictions hold otherwise, concluding that, in the absence of express statutory authority to bargain collectively, a general grant of power to administrative officers may imply the necessary means for carrying into execution the power granted, and this may include collective bargaining agreements between the administrative officers and state employee representatives. *Stratton,* 769 P.2d at 80-81.

There are a number of reasons why courts are split on this issue: some courts have concluded that the separation of powers doctrine mandates specific legislative authorization before public employee collective bargaining can occur; other courts have concluded that the preemption doctrine bars collective bargaining absent specific legislative authorization. *See* Dole, Jr., *State and Local Public Employee Collective Bargaining in the Absence of Explicit Legislative Authorization,* 54 Iowa L. Rev. 539, 549-550 (1969). We believe a cogent argument against implying a power to bargain collectively in these cases is couched in a concern that the legitimization of public employer collective bargaining will increase the incidence of public employee strikes.[1] Collective bargaining would seem to contemplate the strike as a weapon to enforce the demands of employees. While such a result is uncertain, as a policy matter, we believe the issue is best left to legislative debate and rule-making.

Likewise, we conclude it is appropriate to allow the Legislature, if it so chooses, to confer exclusive recognition upon specific public employee bargaining entities. Where there are actual or potential rival employee representatives, it may be difficult for public employers to obtain a master contract: competitive pressures may make each representative reluctant to reach an agreement until every representative is willing to accept the same terms. Comment, *Public Employee Collective Bargaining Con-*

---

[1] The Nevada Legislature has found "[t]hat the services provided by the state and local government employers are of such nature that they are not and cannot be duplicated from other sources and are essential to the health, safety and welfare of the people of the State of Nevada." NRS 288.230(1)(a). Therefore, it is illegal in this State for a public employee to strike against any state or local government employer. NRS 288.230(2).

tracts: *The Chicago Teachers,* 33 U. Chi. L. Rev. 852, 863-864 (1966). Again, the Legislature is in the best position to resolve the legitimate concerns associated with this fact intensive issue. Accordingly, we adopt the majority common law rule and hold that absent express statutory authority, Nevada public officials and state agencies do not have the authority to enter into collective bargaining agreements with public employees, and that Nevada law prohibits collective bargaining representation on behalf of state employees unless the representative is recognized by the State.

## III.  CONCLUSION

In sum, then, we answer the two questions certified to this court by the United States Court of Appeals for the Ninth Circuit as follows:

> 1.  An Assembly Concurrent Resolution does not have the force and effect of Nevada law.
> 2.  Nevada law prohibits collective bargaining representation on behalf of state employees unless the representative is recognized by the State.

MOWBRAY, C. J., STEFFEN and YOUNG, JJ., and BREEN, D. J.,[2] concur.

ROSE, J., concurring in part, dissenting in part:

I agree with the majority that an Assembly Concurrent Resolution does not have the force and effect of Nevada law. As to the second question in this case, however, I dissent. This court has chosen to adopt the majority and common-law view that collective bargaining representation on behalf of state employees is prohibited, unless the representative has express statutory authority recognized by the State. A minority of jurisdictions have modified the common-law rule to require less specific legislative authority before collective bargaining is permitted. I agree with these jurisdictions.

Whether to adopt the majority or minority rule depends largely on public policy considerations. The reasons supporting the minority jurisdictions are clearly articulated in Local 2238 AFSCME v. Stratton, 769 P.2d 76, 80 (N.M. 1989). These reasons lead me to conclude that the better rule requires less specific legislative authority.

The majority opinion observes that its adoption of the majority rule is better, in part, because doing otherwise may encourage state worker strikes. Permitting acts less specific than formal

---

[2]The Honorable Peter I. Breen, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.

legislative recognition to be the determining factor concerning the designation of a collective bargaining representative does not encourage state employees to strike. On the contrary, Nevada law expressly prohibits such strikes. NRS 288.230. Additionally, collective bargaining can and does function with county and city employees pursuant to Nevada law (NRS 288.033 et seq.) without the employees having the right to strike. Therefore, I think the majority's concern of the right to strike is not warranted in this case.

The collective bargaining practice in this state should also be recognized in addition to Nevada law. The Nevada Highway Patrol Association is the collective bargaining agent for most of the troopers in the Nevada Highway Patrol. It represents its members in disciplinary matters, prepares and presents individual and collective grievances of its members for overtime and compensation benefits, represents its members on day-to-day working conditions, advises and assists its members with issues before the state and federal judiciaries and appears on behalf of the membership in lobbying before the Nevada State Legislature. The Association is in fact the collective bargaining agent for its members and performs most functions expected of a collective bargaining representative.

For the above reasons, I would answer both questions in the negative, rather than just the first.