968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEVADA HIGHWAY PATROL ASSOCIATION, Jerry Seevers, Robert
Woodruff, Roy Hutchings, John Rosa, Russ Benzler,
Tim Hall, et al., Plaintiffs-Appellants,
v.
STATE Of NEVADA, Department of Motor Vehicles and Public
Safety, Nevada Highway Patrol Division,
Defendants-Appellees.
 No. 88-15642.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1989.
Decided July 1, 1992.
 
 Before GOODWIN, HALL and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 While this case has been pending on petition for rehearing, and while we were awaiting the opinion of the Supreme Court of Nevada on two questions of state law which we certified to that court, another panel of this court has decided a closely related question. State of Nevada Employee's Ass'n, Inc. v. Bryan, 916 F.2d 1384 (9th Cir.1990). As the result of the Bryan case, combined with the teaching of the Nevada Court on the proper construction of local statutes, the relationship between federal labor law and Nevada state law with reference to the ability of the State of Nevada to compel its employees to accept compensatory time off in lieu of overtime wages or salaries has been substantially clarified. The following conclusions should inform the District Court if further proceedings are pursued by the state employees on remand:
 
 
 3
 (1) Employee organizations such as Nevada Highway Patrol Association and State of Nevada Employees' Association, Inc. ("SNEA"), are not proper parties and the action should be dismissed unless individual employees who have standing to sue are substituted as parties. Whether or not a class of plaintiffs is certified, no employee can pursue a claim for back pay except in his or her own name, after filing with the District Court the individual consent form required by 29 U.S.C. § 216(b). State of Nevada Employees' Ass'n, 916 F.2d at 1391.
 
 
 4
 (2) Because declaratory relief can be afforded any party qualified to sue, no class certification is necessary.
 
 
 5
 (3) The State of Nevada Employees' Association is, for the purposes of § 7(o) of the Fair Labor Standards Act (FSLA), 29 U.S.C. § 207(o), (West Supp.1989), a "recognized representative." This definition became the law of this Circuit in State of Nevada Employees' Ass'n, supra, although the opinion of the Supreme Court of Nevada leaves the matter somewhat in doubt because we certified a question inartfully, as the litigation unfolded. See Nevada Highway Patrol Ass'n v. State, 107 Nev. 89, 815 P.2d 608 (1991).
 
 
 6
 We asked the Nevada Court whether, under Nevada law, the recognition of a labor union or organization by a joint resolution of both houses of the state legislature had "the force of law", and the Court correctly answered, "No", because joint action by the two legislative houses does not become law in Nevada unless it is placed in proper form and signed by the governor. We should have asked whether recognition of a labor union by a joint resolution of both houses of the Nevada legislature constituted "recognition" for any purpose under Nevada law.
 
 
 7
 For reasons stated by our own court in State of Nevada Employees' Ass'n, "recognition" by the joint resolution instructing the personnel department of the State of Nevada to "recognize" the SNEA as "representative of its members for discussion of conditions of employment, hours and wages, while at the same time preserving the right of state employees who are not members of such association to speak for themselves" probably satisfied the recognition requirement of 29 U.S.C. § 207(o) because the ability to engage in collective bargaining is not a necessary condition to the establishment of an agreement between an employer and a representative of employees. 916 F.2d at 1390.
 
 
 8
 We take it to be the law of Nevada, however, that the State of Nevada has no authority to engage in collective bargaining unless and until the legislature grants it that authority. Nevada Highway Patrol Ass'n v. State, 815 P.2d at 610-11. Accordingly, on remand, the District Court should treat its former ruling on this question as affirmed.
 
 
 9
 The appellants correctly argue that the SNEA is a lawfully recognized state employee representative. Therefore, a compensatory time-off policy in lieu of overtime compensation cannot be enacted without an agreement with the SNEA. See 29 U.S.C. § 207(o )(2)(A)(i).
 
 
 10
 The record does not reveal how many of the named appellants or members of the NHPA are members of the SNEA. The district court stated only that some of the members of the NHPA are also members of the SNEA. We must therefore remand the case for factual findings to clarify whether, as to any members of the SNEA, the state is in violation of section 29 U.S.C. § 207(o )(2)(A)(i) of the FLSA for not reaching an agreement with the SNEA allowing the use of compensatory time off in lieu of payment for overtime worked.
 
 
 11
 This conclusion does not end the case. The trial court on remand must look to subsection (ii) to determine whether the state is in compliance with the FLSA for those employees not represented by the SNEA. The NHPA argues that, even if the state did not violate section 207(o )(2)(A)(i), it did violate 207(o )(2)(A)(ii) because there was no agreement between the state and the individual employees regarding the overtime policy.
 
 
 12
 Where employees are not covered by 207(o )(2)(A)(i), the Act allows compensatory time to be given instead of cash for overtime if an agreement has been reached between the employee and the employer before the performance of the work. Id. § 207(o )(2)(A)(ii). The Act further states that "[i]n the case of employees described in clause (A)(ii) hired prior to April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off for such employees in lieu of the receipt of overtime compensation, shall constitute an agreement or understanding under such clause (A)(ii)." Id. § 207(o )(2)(A)(ii).
 
 
 13
 The state's practice as of April 15, 1986 was to allow overtime earned to be claimed for compensatory time off or money if funds were available. See Nev.Admin.Code ch. 284, § 284.250 (1988); Nevada Highway Patrol Procedure No. 3.19, as amended Jan. 15, 1989. This statute provides that if cash payment cannot be made, compensatory time off must be granted. For employees hired prior to April 15, 1986, therefore, the state's practice of awarding compensatory time off rather than overtime compensation constitutes an agreement in accordance with subsection (ii).
 
 
 14
 The state is also in compliance with 29 U.S.C. 207(o )(2)(A)(ii) as to all officers hired from August 15, 1986 until the present. It is uncontroverted that each cadet hired from August 1986 until the present signed an agreement specifically accepting the overtime policy, thus fulfilling § 207(o )(2)(A)(ii). An employee hired between April 15, 1986 and August 1986, if indeed there are any in this appeal, apparently did not sign such an agreement. Depending on the development of a factual record, the state could be in violation of the FLSA unless it entered into an appropriate type of agreement or understanding with those employees.
 
 
 15
 The district court in granting a speedy summary judgment did not learn, on the record, whether any of the named plaintiffs or members of the NHPA were hired within this window.[1] Rather, the court held that all new employees implicitly agreed to the overtime policy as part of their employment contract because the policy was printed in the 1986 version of the employees' handbook which all new employees were advised to read. That ruling leaves dangling the question whether an implicit agreement is sufficient under § 207(o )(2)(A)(ii).
 
 
 16
 Appellants ask us to look to this court's decision in Brennan v. Elmer's Disposal Serv., Inc., 510 F.2d 84 (9th Cir.1975). Brennan involved wage plans under the FLSA that are only permissible pursuant to an agreement between the employer and the employee. See id. at 86 n. 1 (citing 29 U.S.C. § 207(f)). This court held that wage plan agreements must be explicit and can not be inferred from the employer's wage plan or information placed on an employee's wage slips. See id. at 88. We agree with appellants that Brennan should be extended to agreements under section 207(o )(2)(A)(ii).
 
 
 17
 The House Report states that the purpose of this section was "to provide flexibility to state and local government employers and an element of choice to their employees regarding compensation for statutory overtime hours worked by covered employees." H.R.Rep. No. 331, 99th Cong, 1st Sess. 19 (1985). While the House Report indicates that the FLSA sought to give employers flexibility in establishing their overtime policies, we do not believe that flexibility is hampered significantly by requiring employers to make explicit agreements with their employees. Otherwise, employees may not be aware of their right to choose the type of compensation for the overtime hours they worked.
 
 
 18
 We therefore conclude that the state has violated section 207(o )(2)(A)(ii) as to any named appellants or members of the NHPA hired between April 15, 1986 and August 1986. We remand to the district court for a determination of the necessary facts and appropriate conclusions as the facts may require.
 
 
 19
 Despite our decision that the district court erred in granting summary judgment, we decline to grant appellants' request for attorney's fees. 29 U.S.C.A. § 216(b) (West Supp.1989) provides that attorney's fees be granted to prevailing parties in FLSA cases. An award of attorney's fees may include fees for appellate services. Newhouse v. Robert's Ilima Tours, Inc., 708 F.2d 436, 441 (9th Cir.1983) (citations omitted).
 
 
 20
 We have not yet considered whether a plaintiff who successfully appeals a grant of summary judgment is a prevailing party and entitled to attorney's fees under section 216(b). In civil rights cases, however, the Supreme Court has ruled that plaintiffs seeking attorney's fees under 42 U.S.C. § 1988 who only establish their right to a trial do not prevail on the merits of their claim and are not prevailing parties on appeal. Hanrahan v. Hampton, 446 U.S. 754, 758-59 (1980) (per curiam). We have applied Hanrahan to summary judgment cases in the past, see, e.g., Proctor v. Consolidated Freightways Corp., 795 F.2d 1472, 1478-79 (9th Cir.1986), and find likewise that it applies to the determination of prevailing party status under 29 U.S.C. § 216(b). Accordingly, the parties shall bear their own costs in all courts until one side or the other becomes the "prevailing party."
 
 
 21
 In conclusion, we reverse the summary judgment. The state may be in violation of 29 U.S.C. 207(o )(2)(A)(i) for not reaching an agreement or understanding with the SNEA. It may also be in violation of 29 U.S.C. 207(o )(2)(A)(ii) as to those officers, if any, who were not members of the SNEA and who were hired between April 15, 1986 and August 1986. The district court is directed to determine whether any officers who join as plaintiffs were members of the SNEA at relevant times, and which plaintiffs, if any, were hired between April 15, 1986 and August 1986.[2]
 
 
 22
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At oral argument counsel for the appellants said that none of the named appellants were hired between April 15, 1986 and August 1986
 
 
 [2]
 Our holding affects only those individual appellants named in the notice of appeal and the members of the NHPA. The notice of appeal in this case states that the NHPA, Jerry Seevers, Robert Woodruff, Roy Hutchings, John Rosa, Russ Benzler, "et al." appeal the district court's order granting summary judgment in this action. By letter filed November 27, 1989, in response to this court's order of November 20, 1989, appellants amended the notice of appeal to include Tim Hall. The use of "et al." following Benzler's name, however, does not comply with the specificity requirements of Fed.R.App.P. 3(c). Torres v. Oakland Scavenger Co., 487 U.S. 312, 318, (1988); Johnson v. Trustees of W. Conference of Teamsters Pension Trust Fund, 879 F.2d 651, 653 n. 1 (9th Cir.1989); Meehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988). Accordingly, the plaintiffs not identified by name in the notice of appeal are not parties to this appeal. Because the district court granted summary judgment prior to ruling on the plaintiffs' motion for class certification, we do not determine whether those individuals not named in the notice of appeal but who consented to join the class may participate in this suit on remand. The ability of these individuals to participate in this action is for the district court to determine when and if class certification is obtained. See Torres, 487 U.S. at 315 n. 2