LESTER GAMBLE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11652

December 20, 1979                    604 P.2d 335

*Richard A. Wright,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Lester Gamble appeals from the district court's denial of his petition for post-conviction relief, in which he sought to withdraw his plea of guilty to a charge of attempted grand larceny

or, in the alternative, to obtain specific enforcement of his plea bargain. We reverse the judgment of the district court and remand for further proceedings.

In December, 1977, appellant Gamble was arraigned on a charge of grand larceny and entered a plea of not guilty. As a result of negotiations with the prosecutor, a plea agreement was reached: Gamble, who was then on probation for a previous conviction, agreed to stipulate to the revocation of probation and to plead guilty to the present grand larceny charge; the prosecution promised not to file an unrelated grand larceny charge against appellant and to agree to the imposition of concurrent sentences on the present grand larceny charge and on the probation revocation. After a proper canvass by the district judge, which included the fact that the plea was being entered pursuant to plea negotiations and that the prosecutor was agreeing to the imposition of a concurrent sentence, the plea of guilty was accepted and entered on February 17, 1978. While in custody after the entry of the plea, appellant was hospitalized with an ailment whose nature is not disclosed by the record.

On March 15, 1978, a hearing was held in Department 8 of the Eighth Judicial District Court to revoke appellant's probation. Appellant was represented by a different public defender than the one representing him in the instant case, and the State was represented by a different deputy district attorney. No reference was made to the plea negotiations in the instant case, and no attempt was made to have appellant stipulate to the revocation of probation. After the hearing, probation was revoked and appellant was sentenced to a ten year prison term.

On March 28, 1978, a sentencing hearing was held in Department 7 of the Eighth Judicial District Court on the charge at issue in the instant case. It appeared then that the appellant had not stipulated to the revocation, but it was the first either defense counsel or the prosecutor had heard of the probation revocation hearing. As the deputy district attorney put it, "I just don't have any explanation for what's happened." That hearing was continued.

The final sentencing hearing occurred on April 11, 1978. At this hearing, the deputy district attorney represented that appellant had "refused" to stipulate to the revocation of his probation, and recommended that the maximum sentence on the present grand larceny charge be imposed to run *consecutively* to the sentence imposed as a result of the probation revocation. The appellant then stated that, if the sentence was not to be imposed as agreed in the plea negotiations, he wished to withdraw his plea of guilty. Appellant's counsel argued that the

plea bargain had been broken through no fault of appellant but rather through inadequate communication within the district attorney's office and between that office and defense counsel. The district judge imposed a five year sentence, to run consecutively to that on the probation revocation. Gamble sought post-conviction relief in the district court, contending that the prosecution had not kept its promises in the plea bargain, that his guilty plea was therefore involuntary, and that, as a result, he should be permitted to withdraw the plea. The district court denied his petition after a hearing which consisted of argument of counsel and consideration of the points and authorities submitted; and this appeal followed.

We find that the hearing held by the district court was insufficient to establish the appellant's alleged breach of the plea bargain. When more than a bare allegation is made that a guilty plea was induced by promises made by the prosecution, Vaillancourt v. Warden, 90 Nev. 431, 529 P.2d 204 (1974), we have chosen to follow the Ninth Circuit Court of Appeals, which held, in Schoultz v. Hocker, 469 F.2d 681 (9th Cir. 1972), that an evidentiary hearing is required to determine whether a promise was made to the defendant. Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974). Similarly, when the prosecution contends that it should be released from its obligations under a plea bargain because of an alleged breach of the agreement by the defendant, an evidentiary hearing is required to determine whether the defendant actually breached the agreement, and, if so, whether the breach is sufficiently material to warrant releasing the prosecution from its promises. United States v. Donahey, 529 F.2d 831 (5th Cir. 1976); *see also* United States v. Nathan, 476 F.2d 456 (2nd Cir. 1973).

The reason for this rule is the requirement of fairness in plea negotiations recognized in Santobello v. New York, 404 U.S. 257 (1971). When a plea bargain is made and a guilty plea entered thereon, the promises of the prosecutor are part of the inducement of the plea (as the judge in this case specifically noted); and it is axiomatic that "[n]o guilty plea which has been induced by an unkept plea bargain can be permitted to stand." Bryan v. United States, 492 F.2d 775, 778 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 1079 (1974). Since the defendant relinquishes constitutional protections by pleading guilty, a waiver of those protections must be knowingly and voluntarily made; and it is obvious that a waiver induced by an unkept promise cannot be valid. The prosecution is held to "the most

meticulous standards of both promise and performance," Correale v. United States, 479 F.2d 944, 947 (1st Cir. 1973), precisely because "it is the defendant's rights which are being violated when the plea agreement is broken or meaningless. It is his waiver which must be voluntary and knowing." *Id.* at 949. For this reason, the cause of the prosecution's failure to keep its promises is irrelevant. Santobello v. New York, *supra;* United States v. Brown, 500 F.2d 375 (4th Cir. 1974).

It is equally clear that the fact of a breach of a plea bargain must be determined by the court: "to set aside a judicially approved plea bargain, the prosecution may not act unilaterally but . . . on *adequate evidence,* a judge must find that there has been a substantial breach of the bargain which the court had approved." United States v. Simmons, 537 F.2d 1260, 1261 (4th Cir. 1976) (emphasis supplied). This test requires not only that the district court find that the breach occurred, but also that it is sufficiently material to justify the dissolution of the plea bargain, and that the breach was intentionally caused by the defendant. In this case, the district court apparently concluded that, since the probation revocation hearing was a matter of public record, no evidence needed to be taken. This was error. Although the fact that some breach of the agreement had occurred was clear, it remained to be determined whether the breach was substantial (i.e., whether the prosecution had received all it really wanted by the entry of a plea of guilty to the instant charge), and whether the breach was caused by the defendant. In the record before us, there is not the slightest indication that appellant was ever presented with a stipulation to revoke his probation by the prosecution, nor that one was requested by the prosecution of either of appellant's defense counsel. We would blind ourselves to reality to expect any criminal defendant to come forward with a stipulation required by a plea agreement when neither his counsel nor the prosecution has even mentioned it. If the district court finds that the failure to stipulate to the revocation of probation was not due to the desire of appellant to break the plea bargain, but was the result of prosecutorial inadvertence or neglect, *see* Santobello v. New York, 404 U.S. at 262, there is no reason to permit the prosecution to avoid its obligations under the bargain. If, on the other hand, appellant's alleged breach of the plea bargain was a deliberate repudiation of the agreement, *see* United States v. Resnick, 483 F.2d 354 (5th Cir.), *cert. denied,* 414 U.S. 1008 (1973); Cardillo v. United States, 476 F.2d 631 (5th Cir. 1973), the proper remedy is the nullification of the plea bargain and the withdrawal of the

guilty plea entered thereon, since, if the bargain which is part of the inducement of the plea is removed, the plea itself becomes a nullity. What is clearly not permissible under *Santobello* is to hold the defendant to his plea and then impose whatever punishment the prosecution sees fit to recommend.

The district court's evidentiary determination of whether the breach of the plea bargain was caused by the appellant's desire to repudiate it or by the prosecution's not letting "the right hand know what the left hand is doing," Santobello v. New York, 404 U.S. at 262; *see* United States v. Brown, *supra,* will dictate the relief to be awarded appellant. If the court finds that appellant deliberately and knowingly refused to stipulate to the revocation of his probation, as the State alleges, the proper course of action is to nullify the plea bargain, permit appellant to withdraw his guilty plea, and allow him to plead anew. Santobello v. New York, 404 U.S. at 263. If the court finds that the breach was caused by the State's failure to request a stipulation pursuant to the plea agreement, the only possible remedy is specific enforcement of the plea bargain, that is, a new sentencing hearing, before a different district judge, *id.,* at which the prosecution must perform its promise to agree to the imposition of concurrent sentences on the present charge and on the revoked probation.

The order of the district court is reversed and the cause remanded for further proceedings consistent with this opinion.