RICHARD JOSEPH CITTI, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 20934

March 6, 1991 807 P.2d 724

*Daniel L. McCormick,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

### Facts

On August 9, 1989, Richard Joseph Citti (Citti) was charged by way of information with (1) Causing the Death of Another by Driving a Vehicle While Intoxicated; (2) Causing the Death of Another by Driving While Having 0.10 Percent or More by Weight of Alcohol in the Blood; (3) Involuntary Manslaughter; (4) Causing Substantial Bodily Harm to Another by Driving a Vehicle While Intoxicated; and (5) Causing Substantial Bodily Harm to Another by Driving While Having 0.10 Percent or More by Weight of Alcohol in the Blood. A Washoe County Deputy District Attorney and Citti agreed to a plea bargain. The terms of the agreement were that Citti agreed to plead guilty to Count II[1] and Count V[2] in exchange for the State's agreement to (1) move to dismiss all other charges; (2) recommend no more than five years in the state prison on Count II, and no more than two years on Count V, sentences to run concurrent; and (3) a fine of $2,000. The court accepted the guilty pleas.

On December 11, 1989, the Washoe County District Attorney wrote a letter to Citti's counsel and on the next day filed a motion to file the letter with the court. The letter informed Citti's counsel that the District Attorney would not agree to a cap of five years and two years on the sentences. The District Attorney then offered either to concur with the recommendation of the Probation Department or to go to trial. Thereafter, the District Attorney asked for a hearing in Judge Forman's chambers. During the hearing, the District Attorney again stated that he would not perform the plea bargain and explained his reasons for noncompliance. One reason stemmed from a pending DUI charge against Citti in California. The other reason was based upon the Deputy District Attorney's failure to discuss the plea agreement with the victims' families before entering into the bargain with Citti.

At the sentencing, the District Attorney again declared his

---

[1]Causing the Death of Another by Driving While Having 0.10 Percent or More by Weight of Alcohol in the Blood.

[2]Causing Substantial Bodily Harm to Another by Driving While Having 0.10 Percent or More by Weight of Alcohol in the Blood.

disagreement with the plea bargain and his refusal to comply with it. Citti's counsel objected to the statements and requested specific performance. Later in the proceedings, Citti's counsel suggested that Judge Forman had become tainted because of the breach. Judge Forman reassigned the sentencing to a new judge over objection by the District Attorney.

On February 2, 1990, Judge Torvinen heard the matter. Citti's counsel again argued for specific performance, and the District Attorney again refused to comply with the plea bargain. Citti's counsel again objected to the District Attorney's rejection of the agreement. Judge Torvinen refused specific performance and sentenced Citti to eight years and six years on the two counts, the sentences to run concurrently.[3] Citti appeals.

## Discussion

When the State enters a plea agreement, it "is held to 'the most meticulous standards of both promise and performance.' . . . The violation of the terms or 'the spirit' of the plea bargain requires reversal." Van Buskirk v. State, 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986) (citation omitted). The State concedes the above standard applies to this case, but it argues a wooden application of the standard is unwarranted. The State fails, however, to cite any authority that justifies its position, and we therefore reject the argument. Tahoe Village Realty v. DeSwet, 95 Nev. 131, 136, 590 P.2d 1158, 1162 (1979).

Citti performed his part of the plea bargain when he pleaded guilty to Counts II and V. The District Attorney, however, refused to argue for a "cap" of five years and two years at the sentencing as required by the terms of the plea agreement. The District Attorney's purposeful rejection of the agreement hardly conforms to the most meticulous standards of both promise and performance. We therefore hold that the District Attorney

---

[3]The following exchange took place after the sentencing.

THE COURT: The reason I sentenced Mr. Citti was because if this keeps going this way, I should probably properly disqualify myself and assign the thing to another judge, and if the District Attorney gets up in front of the other judge and breaches the plea bargain again, he should disqualify himself and send it to another judge.

When we have gone through all nine judges in the district court here, we haven't accomplished anything. I sentenced the defendant, and I assume you will take the proper appellate remedies.

[CITTI'S COUNSEL]: That's correct, your honor.

THE COURT: And we'll get this thing settled without having to go through all nine judges.

breached the plea agreement. The fact that the District Attorney did not agree with the bargain reached by his deputy affords no basis for refusing to perform the terms of the executed agreement. Obviously, if a district attorney wishes to review and approve plea agreements, he or she must do so prior to their execution. Additionally, if the State intends to enter into a plea agreement on the basis of an understanding that the defendant has committed no additional offenses up to the date of the agreement, such a reservation or condition should be clearly specified in the agreement along with the specific reservations of right in the State if other such offenses come to light.

The next issue to determine is the appropriate remedy for breach of the agreement by the State. We have previously agreed with the following pronouncement by the California Supreme Court:

> The goal in providing a remedy for breach of the [plea] bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances of each case. Factors to be considered include who broke the bargain and whether the violation was deliberate or inadvertent, whether circumstances have changed between entry of the plea and the time of sentencing, and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate. . . .
>
> The usual remedies for violation of a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain. Courts find withdrawal of the plea to be the appropriate remedy when specifically enforcing the bargain would have limited the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing. Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances.

*Van Buskirk,* 102 Nev. at 243-44, 720 P.2d at 1216 (quoting People v. Mancheno, 645 P.2d 211, 214-15 (Cal. 1982)). This court must then decide whether specific performance or withdrawal of the plea is the appropriate remedy.

The *Van Buskirk* case lists four factors this court will consider before determining the appropriate remedy. The first two factors

in the inquiry are easily answered. First, the District Attorney breached the agreement, and second, the breach was clearly intentional. Third, there was an arguable change of circumstances between the entry of the plea and the time of sentencing. The Deputy District Attorney was apparently unaware of the pending DUI charge in California when the agreement was entered. Nevertheless, the DUI charge was in existence when the negotiations began and there is no evidence that Citti intentionally suppressed this information. The alleged change of circumstances was not a sufficient reason to deprive Citti of the benefit of his bargain. Fourth, the pending DUI charge was included in the presentencing report. Both sentencing judges below had access to the report and made references to it. Therefore, there was no new or unknown information constraining the judge from entering a suitable disposition. Had the District Attorney complied with the agreement, either judge would have been free to impose any authorized sentence.[4]

After considering the four factors above, we have concluded that specific performance is the proper remedy in this case. Specific performance is appropriate when "it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." *Id.* Citti reasonably expected that a plea bargain entered into with a Deputy District Attorney would be respected. Moreover, the Deputy District Attorney, an experienced prosecutor, likewise had reason to expect that the agreement she executed on behalf of the District Attorney would be respected by the State.

There is no new information or change of circumstances binding the sentencing court to an unsuitable disposition. After the District Attorney strictly complies with the terms of the agree-

---

[4]Indeed, Judge Torvinen felt it was the District Attorney's actions that impacted his discretion. He stated:

> Well to reiterate, it puts me in a difficult position. If I give him more than five years, it's my understanding of the cases, not having read them recently, that the matter will come back and we will have to do it over again.

> Had the District Attorney not made that comment and lived with the plea bargain, I'd be free to do what I wanted to do within the statute, based on the arguments of counsel and the report of the Probation Department.

> . . . .

> Well, I don't know. My main dilemma is whether or not to follow the plea bargain and not allow the matter to come back and be reheard and redone again, or not to follow the plea bargain and be assured that the matter will come back and have to be redone again. That's not a very efficient way to run our justice system.

ment, the trial judge will be free to impose any sentence allowable under relevant statutes, provided, however, that under the circumstances of this case, such sentence will not, in any event, exceed the sentence imposed by Judge Torvinen. Upon remand, if the sentencing judge pronounces a new sentence that exceeds the sentence imposed by Judge Torvinen, said sentence will automatically be reduced to conform with Judge Torvinen's lesser sentence, and judgment shall be entered accordingly. We therefore remand this case to a new sentencing judge, and order the Washoe County District Attorney to specifically perform the plea bargain agreement.