MARSELINO ALVAREZ VILLALPANDO, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 20893

June 28, 1991                                814 P.2d 78

*Dennis E. Widdis,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City;
*Dorothy Nash Holmes,* District Attorney, *Scott Edwards,* Deputy
District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, Marselino Villalpando, through appointed counsel,
entered into a plea agreement with the prosecution under which
the prosecution had agreed to recommend probation in exchange
for appellant's plea of guilty to robbery. Appellant was then
released on his own recognizance and failed to appear at his

sentencing. More than four years later, appellant was found and returned to court for sentencing. At that time, the prosecution recommended a prison sentence, and appellant was sentenced to six years in prison. We hereby reverse appellant's sentence and remand the case to the district court for resentencing.

Appellant initially contends that he should have been allowed to withdraw his guilty plea because the prosecution breached the plea agreement by failing to recommend probation. The State counters that an implied condition of the plea agreement was that appellant would appear for sentencing and that his failure to do so amounted to a breach of the agreement which justified the prosecution's refusal to recommend probation.

It will prove helpful to consider whether appellant's appearance at the sentencing hearing was an implied condition of the plea agreement. Although appearance at the sentencing was not an explicit element of the agreement, the district judge did give the following warning to appellant at the time the plea was entered:

> THE COURT: Alright. You understand, sir, that if I release you on your own recognizance and you fail to appear for sentencing, you will be returned here and any possibility you might have for leniency will be gone?
>
> THE INTERPRETER: Yes, your honor.

We conclude that this warning by the judge made it clear that the appellant's appearance at sentencing was a condition of the plea agreement. Further, without such a condition the plea agreement itself would be illusory.

The more complex question is whether appellant's breach of the plea agreement justifies the prosecution's breach at the same time appellant remained bound by his guilty plea. Appellant asserts that the prosecution's failure to recommend probation as agreed may have stripped appellant's guilty plea of its voluntariness.

This court addressed a very similar situation in Gamble v. State, 95 Nev. 904, 604 P.2d 335 (1979). In *Gamble,* the defendant agreed to plead guilty to grand larceny and to stipulate to probation revocation in exchange for the prosecution's promise not to file a separate unrelated charge and to agree to concurrent sentences for the grand larceny and the probation revocation. Some months after the plea agreement was reached a hearing was held to revoke the defendant's probation. Gamble was repre-

sented by a different public defender than had struck the plea agreement, and the State was also represented by a different deputy district attorney. *Id.* at 906, 604 P.2d at 336.

Subsequently, in *Gamble* a sentencing hearing was held with respect to the grand larceny charge. At that hearing, the deputy district attorney recommended that the maximum sentence be given and that it be set to run *consecutively* to the sentence imposed as a result of the probation revocation. The district court followed the prosecutor's recommendation and imposed a five-year sentence to run *consecutively* to the sentence on the probation revocation. Gamble then sought and was denied post-conviction relief, contending that the plea agreement was not followed and therefore the plea was involuntary. *Id.* at 906-907, 604 P.2d at 336.

In *Gamble* we held that an evidentiary hearing is necessary to determine if a defendant has breached a plea agreement "and if so whether the breach is sufficiently material to warrant releasing the prosecution from its promises." *Id.* at 907, 604 P.2d at 337. We noted that because the defendant's rights are violated when a plea agreement is violated, "the cause of the prosecution's failure to keep its promises is irrelevant." *Id.* at 908, 604 P.2d at 337 (citations omitted). Finally, we held that if the defendant's actions are found to be a deliberate repudiation of the plea agreement "the proper remedy is the nullification of the plea bargain and the withdrawal of the guilty plea thereon, since, if the bargain which is part of the inducement of the plea is removed, the plea itself becomes a nullity." *Id.* at 908-909, 604 P.2d at 337-338.

The *Gamble* decision repeatedly refers to and is consistent with Santobello v. New York, 404 U.S. 257 (1971), which held "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." In *Santobello,* the court remanded the case to the state court for a determination as to whether the best result would be specific performance of the plea agreement or withdrawal of defendant's guilty plea. *Id.* at 262.

In the instant case it is clear that appellant was induced into pleading guilty by the prosecution's promise to recommend probation. Under *Santobello,* if appellant is to remain bound by his guilty plea, so too is the prosecution to remain bound by its promise to recommend probation.

In applying *Gamble,* it must first be determined whether the defendant or the prosecution is to blame for the breach of the plea agreement. In the instant case, it is apparent that defendant's failure to appear at his sentencing was to blame for the breakdown of the plea agreement. Because Villalpando is obviously to

blame in the instant case, we conclude that an evidentiary hearing to determine blameworthiness is unnecessary. Based upon Villalpando's blameworthiness with respect to breach of the plea agreement, a strict application of *Gamble* would require us to allow appellant to withdraw his plea. We are unwilling to do so on the facts of this case. The problem with allowing appellant in this case simply to withdraw his plea is that because this case is now more than six years old and because the victim was seventy years old at the time of the crime, prosecution and trial at this time would be very difficult if not impossible.

For the foregoing reasons, we order that the plea agreement be followed and that the case be remanded to the district court for resentencing. The case is to be assigned to a judge other than Judge Adams, and the prosecution is instructed to recommend probation in accordance with the plea agreement. The sentencing judge is not bound by the prosecution's recommendation and is free to consider Villalpando's failure to appear at his original sentencing as well as his subsequent activities.

The other issues raised by appellant lack merit. We reverse appellant's sentence and remand the case to the district court.