Rose, J.
with whom Springer, J., agrees, dissenting:
The majority concludes that when the district court granted appellant’s request for probation, “all prior deals were off.” In my view, however, a deal is a deal; appellant should be entitled to specific enforcement of the district court’s promise or he should be permitted to withdraw his plea.
This court has consistently required the state’s meticulous adherence to plea bargains, and has not hesitated to reverse where the terms or the spirit of such agreements have been disregarded. See Kluttz v. Warden, 99 Nev. 681, 683-84, 669 P.2d 244, 245-46 (1983) (the state is held to “the most meticulous standards of both promise and performance;” violation of the terms or the spirit of plea bargain requires reversal); see also Citti v. State, 107 Nev. 89, 807 P.2d 724 (1991); State v. Smith, 105 Nev. 293, *863 774 P.2d 1037 (1989); Van Buskirk v. State, 102 Nev. 241, 720 P.2d 1215 (1986).
Here, the district court did not meticulously honor its own promise to appellant. Nothing in this record indicates that appellant was advised or understood that his request for probation would supersede the district court’s prior promise of a three-year sentence, or subject him to a substantially longer underlying ten-year term of imprisonment. See, e.g., State v. Smith, 105 Nev. at 298-99, 774 P.2d at 1041 (where nothing in record indicated defendant was advised that her guilty plea to first offense DUI might later be treated as second offense, original plea agreement was properly enforced to require the conviction to be treated as first-offense in all respects).
Therefore, this court should specifically enforce the spirit of the district court’s bargain with appellant, or remand this matter to the district court with instructions to permit appellant to withdraw his “renegotiated plea.” See Citti v. State, 107 Nev. at 92, 807 P.2d at 126-27. At the very least, this matter should be remanded for an evidentiary hearing on appellant’s amended post-conviction petition to ascertain whether appellant understood that he would receive a substantially longer underlying sentence of ten years if his request for probation was granted.
Accordingly, I respectfully dissent.