Maupin, J.,
with whom Shearing, J., agrees, dissenting:
Stubbs argues that he suffered prejudice as a result of the State’s failure to specifically reiterate its recommendation for a sentence of life with the possibility of parole after the conclusion of the victim impact testimony, or at the conclusion of the district court’s remarks in support of its decision not to accept the sentencing stipulation.
A review of the sentencing hearing transcript fails, in my view, to demonstrate a violation of the plea agreement. The district court was clearly aware of the State’s stipulation, the victim impact testimony was not precluded by the agreement and was *1416 properly permitted by statute, and the State’s representations properly articulated its position on the matter.
Citing Statz v. State, 113 Nev. 987, 944 P.2d 813 (1997), appellant argues that, by calling a victim impact witness to testify, the State violated the spirit of the plea agreement. While I stand by my joinder in the dissent in Statz, I would note that Statz is clearly distinguishable from this case. The prosecutor in Statz called upon a victim witness to give substantive testimony at sentencing, not victim impact testimony as was the case here. I would also note in this connection that the State is statutorily required to notify victims to facilitate their availability during the sentencing process. See NRS 176.015. I cannot agree that the mere introduction by a prosecutor of a victim witness to the court and submitting a few neutral preliminary questions to the witness could, of itself, have any substantive effect on a judge’s decision. It is the testimony itself, not the State’s role as a facilitator, that creates the substantive effect of victim impact testimony.
The State was under no obligation to remind the district court of the stipulation. Even if the State had done so, it was within the district court’s discretion to disregard the recommendation. See Villalpando v. State, 107 Nev. 465, 814 P.2d 78 (1991) (the district court is free to impose any lawful sentence). Given that the district court was aware of the State’s stipulation regarding sentencing, that the defendant was clearly aware that the stipulation was not binding, and the fact that Stubbs sought no formal relief from the district court, I do not believe that the record of the sentencing hearing demonstrates that reversible error has occurred. See Drummond v. State, 86 Nev. 4, 9, 462 P.2d 1012, 1015 (1970).
Having drawn the above conclusions, I would remand this matter in light of the alleged extra-judicial comments of the prosecutor that appeared in a news article the day following the sentencing hearing. The statement of the prosecutor, if accurate, was clearly improper. At the very least, such a statement would tend to undermine the integrity of the proceedings and public confidence in the judicial process. Further, the statement, if made, would, in retrospect, give new significance to the comments at sentencing about the problems of proof that led to the negotiated arrangement. In the light that the prosecutor may have tried to “finesse” the district court into violating the agreement, again assuming the extra-judicial statements were made, resentencing would be appropriate. Thus, I would remand for an evidentiary hearing to determine if these comments were made, or whether the report quoting the statements was substantially áccurate.
Although the record of the hearing itself does not compel the conclusion that the trial court would have followed the stipulation *1417 had it known the prosecuting attorney’s true intent, public confidence in the process would require a new sentencing hearing if the press statement is accurate.