JASON ROBERT SPARKS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 43593

April 28, 2005                                   110 P.3d 486

---

*Philip J. Kohn,* Public Defender, and *Danny A. Silverstein,* Deputy Public Defender, Clark County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *David J. Roger,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

# OPINION

*Per Curiam:*

In this appeal, we consider whether a provision of the written plea agreement known as the "failure to appear" (FTA) clause is legally enforceable. The FTA clause releases the State from its promise to recommend, or refrain from recommending, a particular sentence if the defendant fails to appear for a scheduled sentencing proceeding or commits an additional criminal offense prior to sentencing. We conclude that the FTA clause is valid under Nevada law. Accordingly, in this case, the State did not breach the plea agreement by exercising its right under that provision to argue for the imposition of consecutive sentences.

## FACTS

While on probation for a theft offense, appellant Jason Robert Sparks was arrested and charged by way of a criminal complaint with one count each of possession of a controlled substance with intent to sell and transport of a controlled substance.

At his initial appearance in justice's court, Sparks waived his right to a preliminary hearing and agreed to enter into a plea bargain with the State. Under the plea agreement, Sparks would plead guilty to the reduced charge of possession of a controlled substance and the State would agree to make no recommendation at sentencing.

On March 4, 2004, Sparks entered his guilty plea. The written plea agreement, prepared by the State and signed by Sparks, contained the following FTA clause:

> I understand that if the State of Nevada has agreed to recommend or stipulate to a particular sentence or *has agreed not to present argument regarding the sentence,* or agreed not to oppose a particular sentence, such agreement is contingent upon my appearance in court on the initial sentencing date (and any subsequent if the sentencing is continued). *I understand that if I fail to appear for the scheduled sentencing date or I commit a new criminal offense prior to sentencing the State of Nevada would regain the full right to argue for any lawful sentence.*

(Emphases added.) Thereafter, Sparks failed to appear for his scheduled sentencing hearing and, later, was arrested on additional criminal charges. At a subsequent sentencing hearing, the State asserted its right under the FTA clause and argued that the sentence imposed should run consecutively to the sentence imposed in a case in which Sparks was charged with theft. After hearing ar-

guments from counsel, the district court sentenced Sparks to serve a prison term of 12 to 30 months to run consecutively to the sentence imposed in the theft case. Sparks filed this timely appeal.

## DISCUSSION

Sparks argues that the State breached the plea agreement at the sentencing hearing by arguing for consecutive prison terms because, under the terms of the plea bargain, the State promised it would make no sentencing recommendation. We conclude that Sparks' contention lacks merit.

When the State enters into a plea agreement, it "is held to 'the most meticulous standards of both promise and performance'" with respect to both the terms and the spirit of the plea bargain.[1] In this case, the State did not breach the plea agreement by arguing for consecutive sentences because, pursuant to the FTA clause, Sparks' failure to appear for his first scheduled sentencing hearing or commission of a subsequent criminal offense released the State from its obligation to make no sentencing recommendation.

Although Sparks acknowledges that the FTA clause includes language releasing the State from its promise to make no sentencing recommendation, he argues that the FTA clause is unenforceable because it is contrary to Nevada law. We disagree.

Sparks first argues that the FTA clause is not valid because it is not included in the standard form agreement set forth in NRS 174.063. Sparks contends that the Legislature, "mindful of the superior bargaining power of the State" and seeking "to protect the rights of criminal defendants throughout the plea bargaining process," has mandated that guilty plea agreements comply with the written statutory form.

NRS 174.063 sets forth a written statutory form for plea agreements. Technical preciseness is not necessary, however, and under the plain language of NRS 174.063, a written plea agreement must only "substantially" comply with the statutory form.[2] By requiring only substantial compliance, the Legislature clearly contemplated modifications to the form agreement. Where legislative intent can be clearly discerned from the plain language of the

---

[1]*Van Buskirk v. State,* 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986) (quoting *Kluttz v. Warden,* 99 Nev. 681, 683-84, 669 P.2d 244, 245 (1983)).

[2]*See also* NRS 174.035(2) ("If a plea of guilty is made in a written plea agreement, the agreement must be in substantially the form prescribed in NRS 174.063.").

statute, it is the duty of this court to give effect to that intent and to effectuate, rather than nullify, the legislative purpose.[3]

Although it is unnecessary to review the legislative history under circumstances where, as here, the plain language of the statute reveals an unambiguous legislative intent, we note that one of the proponents of NRS 174.063 explained at a legislative hearing on the provision that the bill was specifically crafted so that the parties ''retain some discretion as to the form of the written agreement, to facilitate the various 'fact patterns' that arise in criminal law.''[4] That type of flexibility is important to further the key purpose of NRS 174.063: ensuring that unique terms of a plea bargain are adequately memorialized in order to facilitate the speedy resolution of collateral attacks on the validity of the plea.[5] Accordingly, we reject Sparks' contention that the FTA clause is contrary to Nevada law merely because it is not included in the statutory form agreement set forth in NRS 174.063.

Sparks also argues that the FTA clause is void under Nevada law because it contravenes this court's holdings in *Gamble v. State*[6] and *Villalpando v. State*.[7] We conclude that those cases are inapposite.

In *Gamble,* this court held that, where the State alleges that it is released from a promise made in a plea agreement because of a criminal defendant's alleged breach, the district court must conduct an evidentiary hearing to determine whether a material breach occurred.[8] Later, in *Villalpando,* this court clarified *Gamble* and concluded that an evidentiary hearing is unnecessary in instances where the defendant ''is obviously to blame'' for breach of the plea agreement.[9] Both *Gamble* and *Villalpando* are inapplicable here because neither case involved a plea agreement containing an FTA clause or other similar clause conditionally releasing the State from a particular promise.

This court has, however, implicitly approved of a plea agreement containing an explicit reservation of a conditional right to argue by the State.[10] In *Citti v. State,* this court stated:

---

[3]*See Sheriff v. Luqman,* 101 Nev. 149, 155, 697 P.2d 107, 111 (1985).

[4]Hearing on S.B. 549 Before the Senate Judiciary Comm., 68th Leg. (Nev., June 9, 1995) (summarizing statement of Clark County Chief Deputy District Attorney Ben Graham).

[5]*Id.*; *see also State v. Freese,* 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000).

[6]95 Nev. 904, 604 P.2d 335 (1979).

[7]107 Nev. 465, 814 P.2d 78 (1991).

[8]95 Nev. at 907, 604 P.2d at 337.

[9]107 Nev. at 467-68, 814 P.2d at 80.

[10]*Citti v. State,* 107 Nev. 89, 92, 807 P.2d 724, 726 (1991).

[I]f the State intends to enter into a plea agreement on the basis of an understanding that the defendant has committed no additional offenses up to the date of the agreement, such a reservation or condition should be clearly specified in the agreement along with the specific reservations of right in the State if other such offenses come to light.[11]

This court has also recognized that a defendant is entitled to enter into a plea agreement affecting fundamental rights.[12] For example, this court has upheld a plea agreement containing an unequivocal waiver of the right to appeal, rather than the conditional waiver contained in the statutory form and also set forth in NRS 177.015(4).[13] This court will enforce unique terms of the parties' plea agreement even in cases where there has not been substantial compliance with NRS 174.063, provided that the totality of the circumstances indicates that the guilty plea was knowing, voluntary and intelligent.[14] Accordingly, we reject Sparks' contention that the FTA clause is prohibited by this court's case law.

Sparks last argues that the FTA clause is void because it is an unconscionable contractual provision surreptitiously included in the agreement by the State without his consent. Specifically, Sparks argues that, because he was not informed of the FTA clause before waiving his right to a preliminary hearing, the unfavorable term should not have been subsequently added to the plea agreement without his express consent, or at the very least, without additional consideration for his waiver of a valuable right. We disagree.

Our review of the record on appeal indicates that Sparks consented to the FTA clause. He signed the written plea agreement containing the FTA clause and acknowledged that he had read it. Also, Sparks solemnly admitted that he committed the charged offense and made that admission pursuant to the terms of the written plea agreement. By doing so, he should have reasonably expected that his failure to appear at the first sentencing hearing or commission of another criminal offense prior to sentencing would cause the State to invoke the right to argue.

Additionally, we note that the proper time for Sparks to object to a particular term in the written plea agreement was prior to signing the agreement and entering his guilty plea in the district court.

---

[11]*Id.*

[12]*Krauss v. State,* 116 Nev. 307, 310, 998 P.2d 163, 165 (2000).

[13]*Cruzado v. State,* 110 Nev. 745, 879 P.2d 1195 (1994), *overruled on other grounds by Lee v. State,* 115 Nev. 207, 985 P.2d 164 (1999).

[14]*Ochoa-Lopez v. Warden,* 116 Nev. 448, 451, 997 P.2d 136, 138 (2000).

It is the district court's acceptance of the parties' bargain that gives the written plea agreement legal effect, not the defendant's waiver of the preliminary examination.[15]

Finally, we disagree with Sparks that the substance of the FTA provision is unconscionable because it gives the State the unilateral right to withdraw. In practice, it is the criminal defendant, not the State, who actually controls whether the State will be allowed to argue for a particular sentence. Provided the defendant appears at the scheduled sentencing hearings and refrains from engaging in additional criminal activities before those proceedings, the State's promise with respect to the sentencing recommendation will be strictly enforced. Moreover, we conclude that the conditional promise is reasonable because the contingency involves the defendant's ability to abide by the law and follow the court's orders, which are relevant considerations for a prosecutor in deciding whether to enter into a particular plea bargain in the first place. Accordingly, we conclude that the FTA clause is not unconscionable and is, therefore, enforceable.[16]

## CONCLUSION

The FTA clause in the plea agreement was lawful and enforceable. Because Sparks violated the terms of the clause, the State properly argued for consecutive sentences. Accordingly, we conclude that the State did not breach the plea agreement. We therefore affirm the judgment of conviction.

---

[15]See Sturrock v. State, 95 Nev. 938, 942-43, 604 P.2d 341, 344-45 (1979) (when a plea agreement is not consummated, the validity of the defendant's waiver of preliminary hearing is vitiated, and thus the defendant has "a clear right to a preliminary examination").

[16]On October 8, 2004, Sparks filed a motion for leave to file a reply to the fast track response. Cause appearing, we grant the motion and direct the clerk of this court to file the response. We have considered the argument in the reply in resolving this appeal.