An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGEL ANN GIARMO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62964

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Youre
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant Angel Ann Giarmo contends that her sentence constitutes cruel and unusual punishment under the United States and Nevada Constitutions because the convictions supporting her sentence under the habitual criminal statute, NRS 207.010, were for non-violent offenses.

Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11553

The sentence imposed is within the parameters provided by the relevant statute, *see* NRS 207.010(1)(b), and Giarmo does not allege that the statute is unconstitutional. Further, this court has consistently observed that "NRS 207.010 makes no special allowance for non-violent crimes"; rather, they are a consideration within the district court's sentencing discretion. *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992); *see Tillema v. State*, 112 Nev. 266, 271, 914 P.2d 605, 608 (1996). We are not convinced that the sentence imposed is so grossly disproportionate to the crime and Giarmo's history of recidivism as to constitute cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion).

Next, Giarmo contends that the State breached the terms of the plea agreement by seeking habitual criminal treatment. We disagree.

The written plea agreement and the plea canvass transcript demonstrate that Giarmo reasonably understood that the State would be free to argue for any appropriate sentence if a court "confirms probable cause against [her] for new criminal charges" prior to sentencing. *See Sullivan v. State*, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999) ("A plea agreement is construed according to what the defendant reasonably understood when he or she entered the plea."). Prior to sentencing, Giarmo was charged with battery by a prisoner. The sentencing court concluded that the finding of probable cause based on affidavit review in the battery case was sufficient to permit the State to freely argue for any sentence under the terms of the plea agreement. We conclude from this record that the State did not breach the terms or the spirit of its agreement with Giarmo. *See Sparks v. State*, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) ("When the State enters into a plea agreement, it is held to

the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." (internal quotation marks omitted)).

Having considered Giarmo's contentions and concluding that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
       Law Offices of Martin Hart, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk