**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILLIAM DEAN BONEY,<br>Appellant,<br>vs.<br>GREG SMITH, WARDEN, NEVADA<br>STATE PRISON,<br>Respondent. | No. 65536 |
| WILLIAM DEAN BONEY,<br>Appellant,<br>vs.<br>GREGORY SMITH, WARDEN, NEVADA<br>STATE PRISON,<br>Respondent. | No. 65537 |

FILED

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders denying appellant William Dean Boney's post-conviction petitions for writs of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Boney contends that the district court erred by denying his post-conviction habeas petitions. First, Boney claims that counsel was ineffective for (1) coercing him into pleading guilty by misinforming him about his potential sentence, and (2) failing to include certificates of counsel in the plea memoranda, as required by NRS 174.063, thus demonstrating that he entered invalid pleas. We disagree.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37225

*Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing and heard testimony from Boney and his former counsel. The district court determined that although counsel misinformed Boney about his potential sentence, he failed to demonstrate prejudice because, "in essence, petitioner conceded he still would have pleaded guilty had [counsel] correctly explained the possible sentences he faced." The district court stated that it was "not persuaded" that Boney "would not have pleaded guilty and would have insisted on proceeding to trial absent the misinformation." *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("Surmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration omitted)). The district court also found that Boney entered his guilty pleas knowingly and intelligently, *see Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), and that his pleas were not rendered invalid by counsel's failure to execute certificates of counsel, *see Sparks v. State*, 121 Nev. 107, 112, 110 P.3d 486, 489 (2005) (failure to substantially comply with NRS 174.063 will not invalidate a guilty plea "provided that the totality of the circumstances indicates that the guilty plea was knowing, voluntary and intelligent"). We conclude that the district court did not err by rejecting Boney's ineffective-assistance claims.

Second, Boney contends that the district court erred by improperly analyzing his ineffective-assistance-of-appellate-counsel claims as challenges to the validity of his guilty pleas. In support of his claim, Boney refers to statements made by the district court at his evidentiary

hearing. Boney, however, does not address the district court's order denying his claims. We have held that only a final judgment, signed by the judge and entered by the clerk, is effective and appealable. *See Rust v. Clark Cty. School District*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that oral pronouncements from the bench are ineffective for any purpose). The district court's written order properly analyzes Boney's claims pursuant to the standard announced in *Strickland* and as noted in *Kirksey*, 112 Nev. at 998, 923 P.2d at 1113-14. Therefore, we conclude that Boney's contention is without merit. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Janet J. Berry, District Judge
Janet S. Bessemer
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk