IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
SHAEN LOWELL GRESHAM,
Respondent.

No. 78575

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Pursuant to a guilty plea agreement (GPA), respondent Shaen Gresham pleaded guilty to burglary. In exchange for his plea, the State agreed to not file additional charges or enhancements, including the habitual criminal enhancement, and to dismiss another burglary case. Both parties were free to argue for "an appropriate sentence." The GPA also provided that if Gresham failed to appear for any scheduled proceeding, was arrested before sentencing, or lied about his criminal history, the State was entitled, at its discretion, "to either withdraw from this agreement and proceed with the prosecution of the original charges or be free to argue for an appropriate sentence at the time of sentencing."

Gresham failed to appear for his scheduled sentencing hearing. He was also arrested, convicted, and imprisoned in California before he was returned to Nevada for sentencing. The State filed a notice of intent to seek habitual criminal adjudication before the sentencing hearing and argued for such adjudication before the district court. Gresham did not object. The

SUPREME COURT
OF
NEVADA

(O) 1947A

20-14475

district court adjudicated Gresham a habitual criminal, imposing a prison term of life with the possibility of parole after 10 years.

Gresham filed a postconviction petition for a writ of habeas corpus raising five issues. The district court granted relief on one ground—counsel's failure to object to the State's notice of intent to seek habitual criminal adjudication. The district court found that Gresham breached the GPA by failing to appear for his initial sentencing hearing and by being arrested. The district court further found that, pursuant to the plain language of the GPA, the parties negotiated two limited remedies in the event Gresham breached: the State could either (1) withdraw from the negotiations and proceed with prosecution of the original charges; or (2) proceed with sentencing and argue for an appropriate sentence, which did not include adjudication as a habitual criminal pursuant to the plea agreement. The district court determined that the State elected the second option and that it breached the GPA by seeking habitual criminal adjudication. The State appeals the district court's determination that it was not entitled to seek habitual criminal adjudication after Gresham's breach.

The district court granted Gresham relief on his claim that counsel provided ineffective assistance at sentencing. In order to prevail on his claim, Gresham had to demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980,

988, 923 P.2d 1102, 1107 (1996).[1]  Both components must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the district court's factual findings "so long as they are supported by substantial evidence and are not clearly wrong" but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The State argues that the district court erroneously found the parties negotiated for the limited remedies outlined above and that it was released from its promise not to seek the habitual criminal enhancement after Gresham's breach. "When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." *Sparks v. State*, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) (internal quotation marks omitted). In exchange for Gresham's guilty plea, the State agreed to argue for "an appropriate sentence," which did not include the habitual criminal enhancement. And in the "failure to appear" clause, the State agreed to either withdraw from the agreement and go forward with the original charges or "be free to argue for an appropriate sentence at the time of sentencing." The district court construed "an appropriate sentence" in this clause to mean the same thing as used earlier in the agreement—a

---

[1]The district court incorrectly referenced prejudice for a claim of ineffective assistance of counsel affecting the plea process. *See Kirksey v. State*, 112 Nev. at 988, 923 P.2d at 1107. Gresham's claim was that counsel was ineffective at sentencing by failing to object to the State seeking habitual criminal adjudication and thus the prejudice requirement was as defined above. We nevertheless affirm. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

sentence that did not include the habitual criminal enhancement.[2] Based on the plain language of the GPA, we cannot say the district court clearly erred.[3] And based on the finding that "an appropriate sentence" did not include the habitual criminal enhancement, the district court did not err by determining counsel was ineffective for failing to object to the State's notice of intent to seek habitual criminal adjudication. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Lynne K. Simons, District Judge
Attorney General/Carson City
Washoe County District Attorney
Law Office of David R. Houston
Washoe District Court Clerk

---

[2]We note our previous admonishment that if the State wants to condition its plea agreement on the ground that a defendant not commit additional crimes, "such a reservation or condition should be clearly specified in the agreement *along with the specific reservations of right* in the State if other such offenses comes to light." *Citti v. State*, 107 Nev. 89, 92, 807 P.2d 724, 726 (1991) (emphasis added).

[3]To the extent the State contends that the district court erroneously relied on *Gamble v. State*, 95 Nev. 904, 604 P.2d 335 (1979), in finding the State breached the GPA, the district court did not rely on *Gamble* to conclude the State breached; rather, the court relied on the plain language of the GPA.