137 Nev., Advance Opinion 40

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN LEROY GONZALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78152

FILED

JUL 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

*Affirmed in part, reversed in part, and remanded with instructions.*

Karla K. Butko, Verdi,
for Appellant.

Michael Macdonald, District Attorney, and Anthony R. Gordon, Deputy District Attorney, Humboldt County,
for Respondent.

Aaron D. Ford, Attorney General, and Charles L. Finlayson, Senior Deputy Attorney General, Carson City,
for Amicus Curiae Nevada Attorney General's Office.

Rene L. Valladares, Federal Public Defender, and Ellesse D. Henderson and Jonathan M. Kirshbaum, Assistant Federal Public Defenders, Las Vegas; Brown Mishler, PLLC, and William H. Brown, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

21-21982

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

NRS 34.810(1)(a) requires a district court to dismiss a postconviction habeas corpus petition if "[t]he petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." This case requires us to decide whether a defendant who pleads guilty may challenge his sentence on the ground that he received ineffective assistance of counsel at the post-plea sentencing hearing. We hold that NRS 34.810(1)(a) does not bar a claim that a petitioner received ineffective assistance of counsel at sentencing. Because we further conclude that appellant in fact received ineffective assistance of counsel at sentencing, we reverse and remand for a new sentencing hearing. Finally, we conclude that the district court did not err in denying appellant's remaining claims.

*FACTS AND PROCEDURAL HISTORY*

In 2013, appellant Melvin Gonzales was charged with burglary, receiving stolen property, possession of methamphetamine, and four counts of aggravated stalking. The stalking counts arose from disturbing and threatening text messages he sent to his ex-wife and her parents. Gonzales agreed to plead guilty to three counts of aggravated stalking. In exchange, the State agreed to dismiss the remaining charges. Further, while the State reserved the right to argue at sentencing, it expressly agreed to recommend that the sentences for each count run concurrently.

 

At the sentencing hearing, the prosecutor exercised his right to argue by emphasizing the serious nature of the crimes. But instead of recommending that those sentences run concurrently as required by the plea agreement, he stated only that he concurred with the recommendation contained in the presentence investigation report (PSI) prepared by the Division of Parole and Probation. The PSI recommended that two of the three sentences should run consecutively. Gonzales's counsel did not object. The district court ultimately sentenced Gonzales to three consecutive prison terms of 62 to 156 months. Gonzales appealed but did not argue the State breached the plea agreement, and this court affirmed his conviction. *Gonzalez v. State*, Docket No. 65768 (Order of Affirmance, Nov. 12, 2014).

Gonzales filed a timely postconviction petition for a writ of habeas corpus, which he supplemented twice. Among the grounds for the petition, and central to this appeal, was a claim that trial counsel was ineffective because he did not object to the State's breach of the plea agreement. During the hearing on the petition, Gonzales's postconviction counsel questioned trial counsel, who acknowledged that he did not object, explaining that he was unsure whether the State had in fact breached the plea agreement. He stated that when the State concurred with the PSI, he did not know which specific recommendation the State was concurring with. The district court denied the petition in its entirety. While it denied some claims on the merits, it concluded that any "[i]ssues regarding [the] sentence are outside the scope of NRS 34.810(1)(a)" and thus declined to address those issues at all. Gonzales appealed.

## DISCUSSION

### *NRS 34.810 does not bar claims that counsel was ineffective at sentencing*

Gonzales challenges the district court's determination that NRS 34.810(1)(a) precludes his claim of ineffective assistance of counsel at sentencing. NRS 34.810(1)(a) limits the types of claims that may be raised in a postconviction petition for a writ of habeas corpus challenging a conviction based upon a guilty plea:

> 1. The court shall dismiss a petition if the court determines that:
>
> (a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.

The district court's application of NRS 34.810 is a question of statutory interpretation that we review de novo. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011).

In construing a statute, we seek "to give effect to the Legislature's intent." *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017) (internal quotation marks omitted). "If the statute's language is clear and unambiguous, we enforce the statute as written." *Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011). But if a "statute is ambiguous, meaning that it is subject to more than one reasonable interpretation, . . . we 'look beyond the language [of the statute] to consider its meaning in light of its spirit, subject matter, and public policy.'" *Id.* (alteration in original) (quoting *Butler v. State*, 120 Nev. 879, 893, 102 P.3d 71, 81 (2004)). In doing so, we construe statutes "in light of their purpose and as a whole," and thus look to the "entire act" to reconcile

SUPREME COURT
OF
NEVADA

(O) 1947A

4

any apparent inconsistencies. *White v. Warden*, 96 Nev. 634, 636, 614 P.2d 536, 537 (1980).

The State contends that an allegation "that the plea was entered without effective assistance of counsel," NRS 34.810(1)(a), must necessarily contend that counsel's advice *to enter the plea* was deficient. In the State's view, adopted by the district court, an allegation of deficient performance *at sentencing* does not relate to the entry of the plea and is thus not cognizable in state habeas proceedings following a guilty plea. This is undoubtedly one facially reasonable reading of the statute, but it is not the only reasonable reading. Another reasonable interpretation is that NRS 34.810(1)(a) limits the types of claims arising *before* entry of the guilty plea to only those claims that relate to the validity of the guilty plea and the effective assistance of counsel in entering a plea. But NRS 34.810(1)(a) does not limit ineffective-assistance-of-counsel claims arising *after* entry of the guilty plea, as there is no express language doing so and those claims are naturally not known at the time the guilty plea is entered. As there are two reasonable interpretations, NRS 34.810(1)(a) is ambiguous, and we look to the "spirit, subject matter, and public policy" behind NRS Chapter 34 and NRS 34.810(1)(a) in particular. *Butler*, 120 Nev. at 893, 102 P.3d at 81. In this context, we conclude that the second reading—which permits Gonzales's claim here—is clearly the better one.

First, considering the chapter as a whole, our Legislature created a remedy to challenge the validity of a judgment of conviction or sentence for a person "under sentence of death or imprisonment who claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the Constitution or laws of this State." NRS 34.724(1). This remedy was made exclusive,

supplanting the common-law writ and other procedures formerly available to challenge a conviction or sentence. NRS 34.724(2)(b). Because a defendant has a constitutional right to the effective assistance of counsel at sentencing, *Cunningham v. State*, 94 Nev. 128, 130, 575 P.2d 936, 938 (1978) (citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977)), the context of NRS Chapter 34 strongly suggests that the Legislature intended to provide a remedy when "the sentence was imposed," NRS 34.724(1), without the effective assistance of counsel.

To be sure, it is clear that the Legislature meant to provide *one* remedy, not more, and thus barred petitioners from raising most claims that were or should have been raised earlier. *See* NRS 34.810(2); *see also Harris v. State*, 130 Nev. 435, 446-48, 329 P.3d 619, 626-28 (2014) (recognizing the Legislature's goal of creating a single postconviction remedy to challenge the validity of a judgment of conviction for a person in custody). This court has further recognized that claims that could have been raised on direct appeal, but were not, are waived in subsequent proceedings. *See Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). And of course, the Legislature can impose procedural limitations on statutory postconviction petitions. *See Pellegrini v. State*, 117 Nev. 860, 878, 34 P.3d 519, 531 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018).

But it is equally clear that the Legislature did *not* mean to provide *zero* remedies, and the State candidly admits that its interpretation will provide no state-law remedy whatsoever for violations of a defendant's rights that take place after the entry of a guilty plea. We are not persuaded that the potential availability of a federal remedy for such claims means

that our Legislature did not provide its own remedy for ineffective-assistance-of-counsel claims arising after entry of the guilty plea. The lack of any state remedy weighs heavily against the State's interpretation. The vast majority of convictions in our system are obtained through guilty pleas. To hold that defendants who plead guilty have no remedy for such constitutional violations at sentencing would seriously undermine the purpose of NRS Chapter 34 as applied to most petitioners. We are convinced that the Legislature did not intend this. Such an interpretation, which gives a defendant *no* remedy instead of one unified remedy, fails to implement the public policy and purpose behind "the entire act." *White*, 96 Nev. at 636, 614 P.2d at 537.

Rather than reading NRS 34.810(1)(a) as providing no remedy for a challenge to the ineffective assistance of counsel at sentencing, we conclude that the purpose of this provision was to preclude wasteful litigation of certain *pre-plea* violations. This policy is common to Nevada and federal habeas procedure and was well stated by the United States Supreme Court in *Tollett v. Henderson*, 411 U.S. 258 (1973). There, a petitioner sought federal habeas relief on the grounds that the grand jury that indicted him was unconstitutionally selected. *Id.* at 259-60. The Court held that the petitioner's "guilty plea . . . foreclose[d] independent inquiry into the claim of discrimination in the selection of the grand jury." *Id.* at 266. It explained that:

> [A] guilty plea represents a break in the chain of events which has *preceded* it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to the entry of the guilty plea*. He may only

> attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [acceptable] standards . . . .

*Id.* at 267 (emphases added).

Following *Tollett*, we also recognized limitations in habeas proceedings on claims arising before the guilty plea. *See Warden v. Lyons*, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984) (recognizing in habeas proceeding that by entering a guilty plea, a petitioner "waived all constitutional claims based on events occurring prior to the entry of the pleas, except those involving the voluntariness of the pleas themselves"); *Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (approving *Tollett*'s holding that a defendant may not raise independent claims that arise before entry of the guilty plea). The Legislature added NRS 34.810(1)(a) to the statutory postconviction remedy in 1985, and this timing suggests it was intended to codify these existing limits. *See* 1985 Nev. Stat., ch. 435, § 10(1), at 1232. Since this enactment, we have again affirmed that "[w]here the defendant has pleaded guilty, the only claims that may be raised thereafter [in a habeas proceeding] are those involving the voluntariness of the plea itself and the effectiveness of counsel." *Kirksey v. State*, 112 Nev. 980, 999, 923 P.2d 1102, 1114 (1996).

In contrast to these repeated statements that claims arising before the plea are generally waived, we have never once suggested that ineffective-assistance-of-counsel claims arising after the plea might be waived. Indeed, we have repeatedly entertained petitions alleging ineffective assistance of counsel arising after a guilty plea. *See, e.g., Toston v. State*, 127 Nev. 971, 978-80, 267 P.3d 795, 800-01 (2011) (holding that an evidentiary hearing was required to determine whether counsel failed to file an appeal after being asked to do so); *Thomas*, 115 Nev. at 151, 979 P.2d at

SUPREME COURT
OF
NEVADA

(O) 1947A

8

224 (same); *Weaver v. Warden*, 107 Nev. 856, 858-59, 822 P.2d 112, 114 (1991) (holding that relief was proper where counsel failed to present evidence of defendant's PTSD in mitigation at sentencing); *see also Griffin v. State*, 122 Nev. 737, 745, 137 P.3d 1165, 1170 (2006) (recognizing that "[d]efense counsel who fail to ensure that a defendant receives the proper amount of presentence credit are subject to claims of ineffective assistance"). We have even entertained ineffective-assistance-of-counsel claims arising after the plea while rejecting other independent claims presented in the same petition as barred under NRS 34.810(1)(a), thus implicitly recognizing the limitations of the statute.[1] *Toston*, 127 Nev. at 974 & n.1, 980, 267 P.3d at 798 & n.1, 801 (remanding for hearing on appeal-deprivation claim arising after guilty plea, but rejecting prosecutorial misconduct and abuse of discretion allegations as barred under NRS 34.810(1)(a)). The Legislature has never suggested that the courts should discontinue consideration of these ineffective-assistance-of-counsel claims, despite having the opportunity to do so when it amended NRS 34.810 in other respects. *See, e.g.*, 2019 Nev. Stat., ch. 500, § 3, at 3010.

---

[1]We note that both parties implicitly accept the background principle that under NRS 34.810(1)(a), each ground for the petition must be considered separately, although the statute directs the court to "dismiss a petition." We agree. That principle of ground-by-ground analysis, uncontested by the parties (but questioned by amicus Nevada Attorneys for Criminal Justice), is consistent with our unbroken practice. *See, e.g.*, *Harris*, 130 Nev. at 439, 329 P.3d at 622 (NRS 34.810(1)(a) "limit[s] the *issues* that may be raised" (emphasis added)); *Toston*, 127 Nev. at 974 n.1, 980, 267 P.3d at 798 n.1, 801 (determining that specific claims were properly dismissed under NRS 34.810(1)(a)). Because a petition may contain many separate grounds for relief, it makes no sense for the whole petition to rise and fall based on just one of those grounds. It is clear that the context of NRS 34.810(1)(a) requires consideration of the individual grounds raised within a petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

In sum, we explicitly hold today what has been implicit in our caselaw for decades. The core claims prohibited by NRS 34.810(1)(a) are "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" that do not allege that the guilty plea was entered involuntarily or unknowingly or without the effective assistance of counsel. *Tollett*, 411 U.S. at 267. Those claims are "waived" by the guilty plea. *Lyons*, 100 Nev. at 432, 683 P.2d at 505. But where a petitioner argues that he or she received ineffective assistance of counsel at sentencing, he or she could not have raised that claim before entering his or her plea. It would violate the spirit of our habeas statute and the public policy of this state to prohibit him or her from *ever* raising that claim in state court. Therefore, the district court erred by declining to consider Gonzales's claim that counsel provided ineffective assistance at sentencing.

*Ineffective assistance of counsel at sentencing*

To prove ineffective assistance of counsel, a petitioner must show "(1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." *Kirksey*, 112 Nev. at 987, 923 P.2d at 1107 (internal quotation marks omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The first prong of this test asks whether counsel's representation fell "below an objective standard of reasonableness" as evaluated from counsel's perspective at the time. *Id.* at 987-88, 923 P.2d at 1107. The second prong asks whether there is "a reasonable probability that, but for counsel's errors, the result of the [proceeding] would have been different." *Id.* at 988, 923 P.2d at 1107. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous, but we review the court's application of the law to those facts de

novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

In considering whether trial counsel's performance was deficient, we must first determine whether the State breached the plea agreement. "When the State enters into a plea agreement, it is held to the most meticulous standards of both promise and performance with respect to both the terms and the spirit of the plea bargain." *Sparks v. State*, 121 Nev. 107, 110, 110 P.3d 486, 487 (2005) (internal quotation marks omitted). Here, the State agreed to recommend that the prison terms for each count run concurrently. In close cases, courts have grappled with the details of what, exactly, counts as a recommendation. *See, e.g., Sullivan v. State*, 115 Nev. 383, 387-90, 990 P.2d 1258, 1260-62 (1999) (prosecution did not breach plea bargain by supporting its recommendation with facts about defendant's criminal record and the instant offenses); *Kluttz v. Warden*, 99 Nev. 681, 684, 669 P.2d 244, 245 (1983) (although prosecution expressly recommended agreed-upon sentence, the prosecutor's "insinuation that the plea bargain should not be honored" was a breach); *see also State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008) (prosecutor should "indicate to the court that the recommended sentence is supported by the State" (cleaned up)). We have no need to do so here because this is not a close case. Uncontroverted evidence in the record shows that the prosecutor concurred with the recommendation in the PSI and that the PSI recommended two consecutive sentences with the third to run concurrently. That was in direct conflict with the agreement that the prosecutor would recommend all sentences run concurrently. *See State v. Howard*, 630 N.W.2d 244, 251 (Wis. Ct. App. 2001) ("[W]here a plea agreement undisputedly indicates that a recommendation is to be for concurrent sentences, an undisputed

SUPREME COURT
OF
NEVADA

(O) 1947A

11

recommendation of consecutive sentences that is not corrected at the sentencing hearing constitutes a material and substantial breach of the plea agreement as a matter of law."). We therefore conclude that the State materially breached its promise to recommend concurrent sentences.

We next consider whether counsel's failure to object to a breach of the plea agreement was deficient performance—that is, whether counsel's performance fell below an objective standard of reasonableness. We conclude that counsel's performance was deficient. "If the State commits a material breach of a negotiated plea agreement, it would be a rare circumstance when a lawyer with ordinary training and skill in the area of criminal law would not inform the court of the breach." *State v. Gonzalez-Faguaga*, 662 N.W.2d 581, 588 (Neb. 2003). Where the State induces a defendant's guilty plea with a promise to recommend a favorable sentence, the defendant has a right to expect that the State will perform that promise. If the State fails to do so, defense counsel must ordinarily protect the defendant's interests by objecting.

While it is certainly difficult to imagine a strategic reason why defense counsel would deliberately fail to object to a breach of the plea bargain, *see id.* at 588-89, we decline at this time to categorically rule out such a possibility, *cf. State v. Sidzyik*, 795 N.W.2d 281, 289 (Neb. 2011). But in this case, the record shows no such strategic maneuvering took place. At the evidentiary hearing on Gonzales's petition, postconviction counsel asked trial counsel whether he was aware prior to sentencing that the PSI's recommendation was inconsistent with the plea bargain; trial counsel confirmed that he was. Postconviction counsel asked trial counsel whether, in his view, the State's concurrence with the PSI's inconsistent recommendation was a breach of the plea bargain; trial counsel replied, "I



guess you'd have to determine what the State, when they say recommendation, which recommendation they're talking about." Postconviction counsel pointed to the plea agreement itself, quoted the agreement's language that "the State agrees to recommend that the penalty on each count run concurrent to each other," and asked trial counsel whether the State had made any such recommendation during its argument. Trial counsel replied, "[o]rally, perhaps not, but it seems in writing it's there in the plea agreement." It appears that trial counsel believed that the State's promise to make a recommendation was *itself* the recommendation, and thus the State performed the promise as soon as the promise was made. That was, of course, mistaken. *Cf. Bearse*, 748 N.W.2d at 216 (prosecution "recommends" a sentence by "indicat[ing] to the court that the recommended sentence is supported by the State" (cleaned up)). Counsel's apparent misunderstanding of the State's duty did not render his actions strategic or reasonable. *See State v. Sidzyik*, 871 N.W.2d 803, 808 (Neb. 2015) (holding that counsel performed deficiently by failing to object to the State's breach of a plea agreement, even though counsel believed that no breach had occurred).

Finally, we have no difficulty concluding that counsel's failure to object prejudiced Gonzales. If the district court had properly been made aware that Gonzales's guilty plea was pursuant to an agreement in which the State promised to recommend concurrent sentences, there is a reasonable probability that the district court would not have imposed three consecutive sentences. While the district court retained discretion in imposing the sentences, the State's recommendations often carry significant weight. *See, e.g., State v. Adams*, 8 N.E.3d 984, 991 (Ohio Ct. App. 2014). Further, trial counsel's failure to object meant that the district court could

SUPREME COURT
OF
NEVADA


(O) 1947A

very well have believed that the PSI was an accurate representation of the sentences agreed to by the parties—which it was not. Under these circumstances, we do not have confidence in the reliability of the outcome at sentencing. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").[2] Because Gonzales's counsel performed deficiently by failing to object to the State's breach of the plea agreement, and because that deficient performance prejudiced Gonzales, we hold that Gonzales received ineffective assistance of counsel at sentencing.

Generally, a successful ineffective-assistance-of-counsel claim at sentencing results in "a new sentencing hearing in front of the same district court judge who originally sentenced appellant." *Weaver*, 107 Nev. at 859, 822 P.2d at 114. However, here, the ineffective-assistance claim is entwined with the underlying breach of the plea agreement. When we review such a breach claim directly, we require the new sentencing hearing to take place before a different judge. *Echeverria v. State*, 119 Nev. 41, 44, 62 P.3d 743, 745 (2003). This rule ensures that the new hearing is not "tainted" by the State's breach at the prior hearing. *See State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021). We conclude that this rule applies with equal force when counsel is ineffective by failing to object to the State's breach.

---

[2]In view of our decision, we need not reach Gonzales's claim that his appellate counsel was ineffective for failing to raise the issue on appeal. To the extent that Gonzales raised a breach claim independently from his claim of ineffective assistance of counsel, we conclude that this claim was waived because it was not raised on direct appeal. *See Franklin*, 110 Nev. at 752, 877 P.2d at 1059.

Gonzales argues that he should be permitted to withdraw his plea and proceed to trial, rather than submit to a new sentencing hearing. We disagree. When the State breaches a plea agreement,

> [c]ourts find withdrawal of the plea to be the appropriate remedy when specifically enforcing the bargain would have limited the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing. Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances.

*Van Buskirk v. State*, 102 Nev. 241, 244, 720 P.2d 1215, 1216-17 (1986) (quoting *People v. Mancheno*, 654 P.2d 211, 215 (Cal. 1982)). Here, no "additional information or changed circumstances," *id.* at 244, 720 P.2d at 1216 (quoting *Mancheno*, 654 P.2d at 215), have come to light, and we conclude that a new sentencing hearing will best implement the parties' reasonable expectations at the time they entered the plea agreement. At the new sentencing hearing, the State must specifically perform the plea bargain by recommending that the three sentences run concurrently. The sentencing judge will retain all "normal sentencing discretion," *id.* at 243, 720 P.2d at 1216 (quoting *Mancheno*, 654 P.2d at 214), except that under the circumstances of this case, the new sentence must not exceed the original sentence, *see Citti v. State*, 107 Nev. 89, 94, 807 P.2d 724, 727 (1991).

*Remaining claims*

In addition to Gonzales's claim that counsel failed to enforce the plea agreement, Gonzales raised two other claims in this appeal. However, we conclude that these claims are without merit.

First, Gonzales claims that by advising him to enter a guilty plea, counsel's performance fell below an objective standard of reasonableness because any reasonable counsel would have realized that the acts alleged did not constitute aggravated stalking. We disagree. In order to prove aggravated stalking, the State had to show that Gonzales engaged in stalking and threatened his victims with the intent to place them "in reasonable fear of death or substantial bodily harm." NRS 200.575(3).[3] Gonzales asserts that "[t]here was absolutely not one shred of evidence" that he violated this statute. This claim is belied by the record. For example, the victims testified at the sentencing hearing to the grisly and threatening nature of the text messages.[4] We conclude that counsel's advice to plead guilty to aggravated stalking was not deficient.

Next, Gonzales alleges that trial counsel was ineffective for failing to move to suppress evidence related to the nonstalking charges, and for failing to move to sever those charges. This claim is at least arguably barred by NRS 34.810(1)(a), since it alleges an error which occurred *before* the plea and which does not obviously relate to the entry of the plea. But even assuming without deciding that the claim is properly raised, it is meritless. Gonzales ultimately entered into a plea agreement in which the

---

[3]At the time of Gonzales's conviction, the relevant statute was numbered NRS 200.575(2). 2009 Nev. Stat., ch. 497, § 1, at 3007. For simplicity, we cite the statute as it exists today; the substance has not changed.

[4]Gonzales correctly notes that text messages can support a conviction for a category C felony under NRS 200.575(4). From there, he leaps to the illogical and unsupported conclusion that text messages can never support a conviction for a category B felony under NRS 200.575(3). We conclude this argument is frivolous.

nonstalking charges were dismissed. We conclude that Gonzales was not prejudiced by the absence of a motion to sever charges, or to suppress evidence related to charges, of which he was neither tried nor convicted.[5] We thus affirm the district court's denial of Gonzales's petition on all grounds other than ineffective assistance related to breach of the plea agreement.

## CONCLUSION

We conclude that NRS 34.810(1)(a) does not bar Gonzales's claim that he received ineffective assistance of counsel at his sentencing hearing. We further conclude that this claim is meritorious because counsel's failure to object to the State's breach of the negotiated plea agreement was unreasonable and prejudicial. We have considered Gonzales's other claims and conclude they lack merit. Accordingly, we affirm in part, reverse in part, and remand with instructions to grant the petition in part and to hold a new sentencing hearing before a different

---

[5]Gonzales speculates that if the stalking and nonstalking charges had been severed, and if a motion to suppress had resulted in the dismissal of the nonstalking charges, then counsel might have had more resources to argue that text messages can never support a conviction for aggravated stalking. Even if we ignore the attenuation of this proposed causal chain, such an argument would have necessarily failed, *see supra* n.4, and there is thus no reasonable probability that the outcome would have been different.

 

judge. At the new hearing, the State must recommend that Gonzales serve concurrent sentences, consistent with the plea agreement.

_____, J.
Stiglich

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

Supreme Court
of
Nevada

(O) 1947A