IN THE SUPREME COURT OF THE STATE OF NEVADA

RAHIM MUHAMMAD,
Appellant,
vs.
ISIDRO BACA, WARDEN; AND THE
STATE OF NEVADA,
Respondents.

No. 81367

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge. Appellant Rahim Muhammad argues that the district court erred in denying his petition as procedurally barred.

Muhammad was convicted pursuant to a guilty plea. In his petition for postconviction habeas relief, Muhammad alleged that counsel provided ineffective assistance during the sentencing hearing. Muhammad specifically argued that counsel should have provided letters of community support and evidence showing his college attendance and public service. The district court concluded that the petition was barred under NRS 34.810(1)(a) because Muhammad pleaded guilty and the petition was "not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." In rejecting Muhammad's petition, the district court did not have the benefit of this court's recent decision in *Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556, 562 (2021). In *Gonzales*, we clarified that a petitioner who pleaded guilty may allege that he or she received ineffective assistance of counsel at sentencing because that claim could not have been raised before entering the plea and barring such a claim would "violate the spirit of our

SUPREME COURT
OF
NEVADA

(O) 1947A

habeas statute and the public policy of this state." *Id.* at 562. Accordingly, the district court erred in concluding that NRS 34.810(1)(a) barred Muhammad's petition.

Nevertheless, the district court found that the specific pieces of evidence that Muhammad asserted had not been presented conveyed the same information as the sentencing statement and exhibits that counsel had presented to the sentencing court. Substantial evidence supports this finding, which is not clearly wrong. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (deferring to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but reviewing its application of the law to those facts de novo). In each of Muhammad's claims, he alleges that the omission of the additional evidence prejudiced him. As that mitigation evidence was cumulative, however, Muhammad has not shown that its presentation would have led to a reasonable probability of a different outcome and thus has not shown prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 696-97 (1984) (stating showings required for ineffective assistance of counsel and for its prejudice component and providing that the claim fails if both components are not shown); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Therefore, the district court reached the correct outcome in denying Muhammad's petition without an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (providing that an evidentiary hearing is not warranted where a postconviction habeas petition's factual allegations are "belied or repelled by the record"); *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 340 (1970) ("If a judgment or order of a trial court reaches the right result,

although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").[1]

Having concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.   _____, Sr.J.
Herndon         Gibbons

cc: Hon. Kathleen M. Drakulich, District Judge
   Karla K. Butko
   Attorney General/Carson City
   Washoe County District Attorney
   Washoe District Court Clerk

---

[1]Insofar as Muhammad argues that counsel should have sought to correct the PSI report to reflect that the gun used was a toy gun and should have challenged systemic racial bias in the judicial system, and that appellate counsel was ineffective for advising him to dismiss his direct appeal, these claims were not raised in the pro se or supplemental habeas petitions filed below. We decline to address them for the first time on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.