# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVINJIT SINGH GARCHA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81956

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge. Appellant Kevinjit Singh Garcha argues that the district court erred in denying the petition. We affirm.

Garcha was convicted pursuant to a guilty plea. In his petition for postconviction habeas relief, Garcha first alleged that counsel provided ineffective assistance during and in preparation for the sentencing hearing, among other claims. The district court concluded that the petition was barred under NRS 34.810(1)(a) because Garcha pleaded guilty and the petition was "not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." In rejecting Garcha's petition, the district court did not have the benefit of this court's recent decision in *Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556, 562 (2021). In *Gonzales*, we clarified that a petitioner who pleaded guilty may allege that he or she received ineffective assistance of counsel at sentencing because that claim could not have been raised before entering the plea and barring such a claim would "violate the spirit of our habeas statute and the public policy of this state."

21-35961

*Id.* at 562. Accordingly, the district court erred in concluding that NRS 34.810(1)(a) barred Garcha's claim of ineffective assistance at sentencing.

Nevertheless, this claim is moot. Garcha's sentence has expired. A petitioner who was in custody when the petition was filed may challenge a judgment of conviction notwithstanding release from custody where the conviction has collateral consequences. *Martinez-Hernandez v. State*, 132 Nev. 623, 627, 380 P.3d 861, 864 (2016). Where a claim relates to a sentence, the appropriate relief generally would be a new sentencing hearing. *See Gonzales*, 137 Nev., Adv. Op. 40, 492 P.3d at 564. Where that sentence has expired, any sentencing-related claims are moot. *Martinez-Hernandez*, 132 Nev. at 627 n.1, 380 P.3d at 864 n.1. Accordingly, Garcha's ineffectiveness claims relating to counsel's performance regarding sentencing, as stated in ground one, are moot. The district court therefore reached the correct outcome in denying this claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 340 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Garcha next argues that counsel did not adequately investigate witnesses who would testify about Garcha's and the victim's degrees of intoxication at the time of the incident. He argues that further investigation would have shown that Garcha was more intoxicated, and the victim less, than the State represented. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985);

*Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). The record shows that counsel investigated an intoxication defense, which was discussed in a pretrial motion to dismiss that addressed Garcha's and the victim's degrees of intoxication. Garcha has not shown how additional evidence that he had been drinking would have led him to insist on proceeding to trial, *see Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004), particularly as voluntary intoxication is not a defense to sexual assault, *see* NRS 193.220 (providing that a jury may consider voluntary intoxication only for specific intent crimes); *Henry v. United States*, 432 F.2d 114, 119 (9th Cir. 1970) (examining NRS 193.220 and concluding that voluntary intoxication is not a defense to sexual assault and that the district court did not err in rejecting instruction that the jury could take intoxication into account in finding mens rea), *modified on other grounds by Henry v. United States*, 434 F.2d 1283, 1284 (9th Cir. 1971). The district court therefore did not err in denying this claim without an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (providing that a petitioner is entitled to an evidentiary hearing when the claims asserted are supported by "specific factual allegations that are not belied or repelled by the record and that, if true, would entitle [the petitioner] to relief.").

Garcha next argues that the factual basis for his guilty plea was not stated on the record during his plea canvass. Garcha's claim that counsel should have challenged the guilty plea as not supported by a statement of its factual basis is belied by the record, as the State recited the elements and facts that it was prepared to prove and Garcha assented that he understood. *See Tiger v. State*, 98 Nev. 555, 558, 654 P.2d 1031, 1033 (1982) (providing that the district court must determine that there is a

factual basis for the plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and that the defendant understands the elements of the charged offense).[1] The district court therefore did not err in denying this claim without an evidentiary hearing.

Garcha next argues that counsel should not have recommended the plea agreement because it allowed the State to argue for incarceration and probation simultaneously. The plea agreement provides that the State agreed not to oppose probation, should Garcha qualify. Garcha has not shown what counsel should have done, yet did not, to provide objectively reasonable performance in this regard and has not shown that he would have proceeded to trial but for counsel's recommending the plea agreement. The district court therefore did not err in denying this claim without an evidentiary hearing.

Garcha next argues that the State breached the plea agreement when it presented arguments in favor of punishment. However, this claim raised independently from his claims of ineffective assistance of counsel, is procedurally barred under NRS 34.810(1)(a). Moreover, as a separate and independent ground to deny relief, we conclude that the State did not breach the plea agreement.

---

[1]To the extent that Garcha asserts a claim based on NRS 213.1214, the claim is moot, as that statute addresses parole hearing procedures and Garcha is no longer in custody.

And to the extent that Garcha implies that the district court erroneously refused his request to withdraw his plea in his postconviction habeas petition, he does not cogently argue how the district court might have erred. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (declining to consider issues that are not supported by cogent argument).

Garcha next argues that the district court violated his right to due process by not expeditiously ruling on the petition. Garcha does not provide relevant authority or cogent argument showing that the district court did not act expeditiously or that its actions violated due process. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

Lastly, Garcha argues that the district court should have granted him bail pending the resolution of the petition. As Garcha is no longer in custody, this claim is moot, and we decline Garcha's invitation to consider this issue as capable of repetition, yet evading review because he has not shown the duration in which to raise the challenge is relatively short. *See Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 158, 460 P.3d 976, 982 (2020) (acknowledging that pretrial bail issues become moot when the case is resolved and setting forth test for when an issue is capable of repetition yet evading review). Moreover, we conclude that the district court did not abuse its discretion in denying bail. NRS 34.540.

Having considered Garcha's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.        _____, Sr.J.
Herndon                                              Gibbons

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.



cc: Hon. Lynne K. Simons, District Judge
Karla K. Butko
Richard A. Molezzo
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk