# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKEY LEE AVERY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82051

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

RICKEY LEE AVERY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82052

## *ORDER VACATING AND REMANDING*

These are appeals from a district court order denying a postconviction petition for a writ of habeas corpus filed in two district court cases. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. We elect to consolidate these appeals for disposition. NRAP 3(b).

In CR18-0120, the criminal case underlying Docket No. 82051, appellant Rickey Lee Avery pleaded guilty to obtaining or using the personal identification information of another. In CR18-0126, the criminal case underlying Docket No. 82052, Avery pleaded guilty to burglary and theft, value $650 or greater but less than $3500. The district court held one sentencing hearing for both cases, adjudicated Avery a habitual criminal in each case, and sentenced Avery to concurrent terms of 8 to 20 years. Avery filed the underlying petition in both cases. He alleged that counsel provided ineffective assistance during the sentencing hearing by omitting mitigating evidence and failing to rebut factual misstatements by the State. The district court concluded that the petition was barred under NRS 34.810(1)(a) because Avery pleaded guilty and the petition was "not based

21-35960

upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." In rejecting Avery's petition, the district court did not have the benefit of our recent decision in *Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556 (2021). There, we clarified that a petitioner who pleaded guilty may allege that he or she received ineffective assistance of counsel at sentencing because that claim could not have been raised before entering the plea and barring such a claim would "violate the spirit of our habeas statute and the public policy of this state." *Id.* at 562. Consistent with *Gonzales*, the district court should reach the merits of Avery's claims that counsel provided ineffective assistance at sentencing. Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, C.J.
Hardesty

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:    Hon. Scott N. Freeman, District Judge
       Law Offices of Lyn E. Beggs, PLLC
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.