# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW DAVID FUGATE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82044

FILED

JAN 14 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge. Appellant Matthew David Fugate argues that the district court erred in denying his petition as procedurally barred. We affirm in part, vacate in part, and remand.

Fugate was convicted pursuant to a guilty plea. In the first and third claims of his petition for postconviction habeas relief, Fugate alleged that counsel provided ineffective assistance during the sentencing hearing. The district court concluded that the claims were barred under NRS 34.810(1)(a) because Fugate pleaded guilty and the claims were "not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." In rejecting Fugate's petition, the district court did not have the benefit of our recent decision in *Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556 (2021). There, we clarified that a petitioner who pleaded guilty may allege that he or she received ineffective assistance of counsel at sentencing

22-01470

because that claim could not have been raised before entering the plea and barring such a claim would "violate the spirit of our habeas statute and the public policy of this state." *Id.* at 562. Consistent with *Gonzales*, the district court should reach the merits of Fugate's two claims that counsel provided ineffective assistance at sentencing.

In his fourth claim, Fugate argued that counsel should have investigated a favorable witness and that he would have proceeded to trial rather than pleading guilty had counsel done so. Fugate argued that this witness would have provided specific evidence showing that parts of the victims' allegations were false. The district court concluded that NRS 34.810(1)(a) barred this claim as well. But, NRS 34.810(1)(a) permits claims alleging that a guilty plea was not entered with the effective assistance of counsel. The district court therefore erred in denying this claim as procedurally barred and should reach the merits of this claim as well. *See Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996) (stating standards for claims of ineffective assistance of trial counsel arising out of guilty pleas).

In his second claim, Fugate argued that the district court abused its discretion by continuing the sentencing hearing without appointing new counsel after trial counsel allegedly became Fugate's adversary rather than his advocate. This claim falls outside the scope of claims permitted by NRS 34.810(1)(a) because it does not challenge the effective assistance of counsel or validity of the guilty plea, and the claim is waived because it could have been raised on direct appeal. *See Gonzales*, 492 P.3d at 560; *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979



P.2d 222 (1999). The district court therefore reached the correct outcome in denying this claim.

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.


_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:   Chief Judge, Second Judicial District Court
Department 10, Second Judicial District Court
David Kalo Niedert
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A