IN THE SUPREME COURT OF THE STATE OF NEVADA

DWIGHT NEVEN; AND THE STATE OF NEVADA,
Appellants,
vs.
MIA CHRISTMAN,
Respondent.

No. 83572

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge. Appellant State of Nevada argues that the district court erred in concluding that respondent Mia Christman received ineffective assistance of counsel at sentencing. We agree.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556, 562 (2021) (applying *Strickland*'s test to claims of ineffective assistance of counsel at sentencing where a defendant has pleaded guilty). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional

judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but we review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court held an evidentiary hearing at which counsel and sentencing judge Stefany Miley testified. Christman pleaded guilty in this case. During the pendency of the proceedings, Christman twice received an own-recognizance release and twice failed to appear at subsequent hearings, returning to court only pursuant to bench warrants. At sentencing, counsel concluded that Christman's failures to appear presented the most critical issue and that the strategy of having Christman explain the circumstances of her failures to appear to Judge Miley would have the best opportunity of a favorable outcome. Counsel noted a previous experience in which a defendant spoke on his own behalf before Judge Miley and received what counsel saw as an unexpectedly favorable outcome, as Judge Miley then praised that defendant's explanation of the circumstances. Counsel considered Christman articulate and thoughtful based on their previous in-court meetings and input from his investigator, who spoke with her mother and twice met with Christman outside of court. Counsel concluded that minimizing the seriousness of Christman's conduct would be contrary to this strategy and directed Christman to prepare by writing her statement in advance. Counsel concluded that a sentencing memorandum would not advance the strategy. Judge Miley testified that the second failure-to-appear was a particular problem because it seemed like Christman was "gaming the system." At sentencing, counsel also argued that Christman's minimal criminal history warranted a less severe sentence than the State urged.

The State first argues that the district court erred in concluding that counsel performed deficiently in failing to investigate and present evidence of Christman's posttraumatic stress disorder (PTSD) and history of trauma. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation[,] . . . applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 690-91; *see also Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[C]ounsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). The district court disregarded the strong presumption that counsel exercised reasonable strategic judgment. Counsel observed that Christman's failures to appear posed a serious issue for sentencing and made a strategic decision on an approach that incorporated Christman's ability to present herself and considerations that had resonated with Judge Miley. Judge Miley's testimony that she was very concerned about the second failure to appear supports the reasonableness of counsel's assessment. This strategy did not rely on an exhaustive investigation of Christman's past as it emphasized explaining her post-arrest conduct and thus omitting such an investigation was not unreasonable.[1] Nor did it rely

---

[1]Counsel also concluded that it would be strategically unwise to minimize Christman's conduct. The district court determined that reasonable performance compelled arguing Christman's lack of participation, the relative culpability of the coperpetrator, and that she was "manipulated" by the older coperpetrator, among other points. As such arguments were at odds with counsel's chosen strategy, the district court failed to conduct "[a] fair assessment of attorney performance" without "the distorting effects of hindsight" that evaluates performance from "counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

on Christman's credibility in explaining her failures to appear rest on a sentencing memorandum rather than her in-person speaking. Christman likewise did not show that counsel performed objectively unreasonably in not meeting with her more before sentencing in light of the strategy counsel implemented. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983) (rejecting that a defendant is entitled to a "meaningful relationship" with counsel). Further, it is not likely that additional investigation would have led to the discovery of the mitigating information that Christman alleges it would have. Christman did not disclose her childhood trauma or PTSD to counsel, the court, or in the contemporaneous presentence investigation report interview, such that it is mere speculation that future meetings would have led to the disclosure of such information. *See Strickland*, 466 U.S. at 691 ("[W]hat investigation decisions are reasonable depends critically on such information [as the defendant supplies to counsel]."); *Williams v. Head*, 185 F.3d 1223, 1237 (11th Cir. 1999) ("An attorney does not render ineffective assistance by failing to discover and develop evidence of childhood abuse that his client does not mention to him."). The district court order also rests on several findings that are not supported by the record.[2] First, the record does not support the finding that Christman was operating in a so-called "survival mode" due to her PTSD. Rather, the psychiatrist testified that some persons suffering from PTSD *may* do so; no evidence supported the finding that Christman was afflicted in this way at the relevant times. Second, the finding that Christman's PTSD and trauma led to her second failure to appear is not supported by the record, as Christman explained at

---

[2]The district court acknowledges in a footnote that it is speculating about the significance of a particular piece of evidence. We caution the district court to refrain from speculation in its dispositions.

the sentencing hearing that she failed to appear because the person who she planned on having take her children did not show and she did not want her children to be placed in the system. Third, the record does not support the finding that counsel did not prepare Christman to speak, as counsel testified to the contrary. The district court therefore erred in concluding that counsel performed deficiently.

The State next argues that Christman did not show prejudice. Even assuming that counsel's performance was deficient and that extraordinary circumstances justified a challenge to counsel's strategic decision, Christman did not show a reasonable probability of a different outcome. After a thorough discussion at the evidentiary hearing of the mitigating evidence that Christman argued should have been presented, Judge Miley testified,

> *I don't believe my decision would've been different* because I already went into the sentencing—I'll tell you during the court proceedings I felt bad for her. She went through some awful things. She had some awful things happen to her in her life. I think that my compassion for her was the reason I gave her two ORs prior to the sentencing.
>
> *But my decision would've likely been the same.*

While Judge Miley stated that she would have wanted to know whatever mitigating information might be pertinent, she knew here that respondent had been the victim of serious abuse and trauma and concluded that the additional information raised would not have likely affected her decision.[3]

---

[3]In this regard, the record does not support the finding that Judge Miley had no information of Christman's history of abuse, as Judge Miley testified at the evidentiary hearing as to instances of trauma and abuse that she knew Christman had suffered.

SUPREME COURT OF NEVADA

(O) 1947A

The district court therefore erred in concluding that Christman showed a reasonable likelihood of a different outcome.

Having considered the State's contentions and concluded that relief is warranted, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Parraguirre

_____, J.                                 _____Sr.J.
Silver                                                       Gibbons


cc:     Hon. Erika D. Ballou, District Judge
        Attorney General/Carson City
        Clark County District Attorney
        Law Office of Betsy Allen
        Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.